**Samuel E. HALE and Clara P. Hale, husband and wife, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. C–80–225 RJM.**

United States District Court, E.D. Washington.

Jan. 9, 1984.

R. Wayne Bjur, Hovis, Cockrill & Roy, Yakima, Wash., for plaintiffs.

John E. Lamp, U.S. Atty., Spokane, Wash., Scott A. Milburn, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

ROBERT J. McNICHOLS, Chief Judge.

Plaintiff Samuel E. Hale, an enrolled member of the Yakima Indian Nation, received income from leasing land located on the reservation. The issue is whether the rental income is exempt from federal income tax. There being no factual dispute, the issue is presented by cross motions for summary judgment.

Before his death in 1981, Samuel Hale owned an allotment consisting of a one-acre parcel of land on the Yakima Reservation. It was held in trust for him by the United States pursuant to the General Allotment Act of 1887, 25 U.S.C. § 331 *et seq.*, and subsequent legislation including the Indian Reorganization Act, 25 U.S.C. § 461 *et seq.*

In November 1973, plaintiff leased the parcel (including a small building) to William Hoptowit, also a member of the Yakima Indian Nation. Mr. Hoptowit operated a smokeshop business on the property, consisting principally of selling cigarettes. Such shops were profitable ventures as Indian retailers were not required to pay the state excise tax, thereby enjoying a substantial pricing advantage. The rent provided for in the lease was one-third of the gross sales receipts from cigarettes.

In 1976 the rental agreement was modified. Mr. Hoptowit agreed to pay Hale $2,000.00 per month rent. Hale received $27,225 for 1976. He did not include this income on his 1976 tax return. Following an IRS audit, Hale paid the additional tax but not the nearly $5,000 in interest. This action for a refund was brought and the defendant counter-claimed for the interest.

 Indians are subject to federal taxation unless an exemption is found in a treaty or Act of Congress. *Commissioner v. Walker*, 326 F.2d 261 (9th Cir.1964). The Yakima treaty does not include a tax exemption, *Hoptowit v. Commissioner*, 78 T.C. 137 (1982), and plaintiff does not argue otherwise. The General Allotment Act, however, exempts Indian income "derived directly" from the allotted land. *Squire v. Capoeman*, 351 U.S. 1, 9, 76 S.Ct. 611, 616, 100 L.Ed. 883 (1956). The issue is whether Mr. Hale's rental income from the smokeshop is "derived directly" from the land.

Plaintiff argues that due to the parcel's unique location, the income received is directly from the land. The property is located at the tip of the reservation, near the intersection of two state highways and in proximity to several communities. Plaintiff claims that Hoptowit was paying for location, and not so much for the building in which the cigarettes were sold. The Government argues that for income to be "derived directly" from the land, the allottee must exploit the land itself by mining, logging, agriculture or similar activity.

A reading of *Capoeman* and the cases which have applied its teachings support the government's position.

*Capoeman* involved capital gains from the sale of timber on allotted land. Having concluded that the Allotment Act intended a tax exemption, the court stated:

Respondent's timber constitutes the major value of his allotted land.... Once logged off, the land is of little value. The land no longer serves the purpose for which it was by treaty set aside to his ancestors, and for which it was allotted to him. It can no longer be adequate to his needs and serve the purpose of bringing him finally to a state of competency and independence. Unless the proceeds of the timber sale are preserved for respondent, he cannot go forward when declared competent with the necessary chance of economic survival in competition with others. This chance is guaranteed by the tax exemption afforded by the General Allotment Act, and the solemn undertaking in the patent.

*Capoeman* at 10, 76 S.Ct. at 617.

The reasoning of *Capoeman* has been applied to farming and ranching, *Stevens v. Commissioner*, 452 F.2d 741 (9th Cir.1971);

bonuses for oil and gas leases, *United States v. Daney*, 370 F.2d 791 (10th Cir. 1966) and royalties from tribal mineral deposits, *Big Eagle v. United States*, 300 F.2d 765, 156 Ct.Cl. 665 (1962). Plaintiff invites an extension of *Capoeman*, yet cites no supporting authority.

Virtually identical issues were presented in *Critzer v. United States*, 597 F.2d 708, 220 Ct.Cl. 43 (1979), *cert. denied* 444 U.S. 920, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979). In *Critzer*, the plaintiff received income from the operation of a motel, restaurant, gift shops and building rentals all located on reservation land. A tax exemption was claimed based on the "derived directly" test of *Capoeman*. The *Critzer* court held against such an exemption.

Hale seeks to distinguish *Critzer* in two ways. First, in that the land involved there was not allotted land; second, it is claimed that the rent was for the buildings and not the land. As to the status of the land, the *Critzer* court attached no legal significance to the fact that the land was a "possessory holding" rather than an allotment. It applied the law of the General Allotment Act and *Capoeman* since the only difference between the two interests was that a possessory holding never ripened into fee title. Plaintiff also claims that the rent received in *Critzer* was for buildings, whereas here the rent was for location. This argument is not persuasive for two reasons. First, the *Critzer* court noted that the development was "situated on a main highway among beautiful mountains and a scenic creek, and was thus favorably located for tourists". *Critzer*, 597 F.2d at 710, 220 Ct.Cl. 43. Obviously, the court felt the success of the businesses, including the rental income, was due at least in part to location. Second, the court must look to what use is being made of the property. In *Critzer*, as here, the property is used to operate a business in a favorable location.

The essential basis of *Capoeman* is the protection of the property right of the allottee during the trust period. *See United States v. Anderson*, 625 F.2d 910 (9th Cir. 1980) and *Holt v. Commissioner*, 364 F.2d

38 (8th Cir.1966), *cert. denied*, 386 U.S. 931, 87 S.Ct. 952, 17 L.Ed.2d 805 (1967). There is no exploitation of the land itself in this case, nor is its value reduced by the operation of the smokeshop. The plaintiff's argument ignores the word "directly" in the "directly derived" test.

Mr. Hale's income was not derived directly from the land within the meaning of *Capoeman* and its progeny. There is no ambiguity involved in this case which requires a construction in favor of the plaintiff. Accordingly, plaintiff's motion for summary judgment is DENIED. Defendant's motion for Summary Judgment is GRANTED. The defendant shall recover on its counterclaim for unpaid interest.

IT IS SO ORDERED.