ALFRED LANDRY AND MYRTLE LANDRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Landry v. Commissioner
Docket No. 5628-78.
United States Tax Court
T.C. Memo 1984-575; 1984 Tax Ct. Memo LEXIS 98; 48 T.C.M. (CCH) 1496; T.C.M. (RIA) 84575; October 30, 1984. Richard M. Berley,Mason D. Morisset, and Robert L. Pirtle for the petitioners. Thomas N. Tomashek, for the respondent. WILBUR MEMORANDUM OPINION WILBUR, Judge: TheCommissioner determined the following deficiencies and additions to tax in the petitioners' Federal income taxes: Sec. 6651(a) [1]
Sec. 6653(a)
Petitioner
Year
Deficiency
Addition to Tax
Addition to Tax
Myrtle Landry
1971
$50,133
$12,533
$2,507
1972
190,438
47,609
9,522
1973
159,023
39,506
7,901
1974
118,418
29,604
5,921
1975
122,252
30,563
6,113
1976
115,310
28,827
5,766
Alfred Landry [2]
1971
19,579
4,895
979
1972
87,014
21,753
4,351
1973
70,712
17,678
3,536
1974
50,886
12,722
2,544
1975
52,622
13,156
2,631
1976
49,089
12,272
2,455
*99 After concessions, the only issue remaining for decision is whether income earned from the retail sale of cigarettes and tobacco products (smokeshop income) by a member of the Shoalwater Bay Indian Tribe is subject to Federal income taxation. This case was submitted under Rule *100 122, [3] all facts having been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Myrtle and Alfred Landry were husband and wife residing in Tokeland, Washington, for all periods relevant to this litigation. Petitioner Alfred Landry is a member of the Turtle Mountain Band of the Chippewa Indian Tribe. Petitioner Myrtle Landry (petitioner or Myrtle) was included in the 1940 census of the Quinaielt Indian Tribe and was the recipient of an allotment on the Quinaielt Indian Reservation. This allotment is still held in trust for her by the United States. On December 10, 1971 Myrtle became an enrolled member of the Shoalwater Bay Indian Tribe. Petitioner operates the Smoke Signal Smokeshop (smokeshop) on land within the exterior boundry of the Shoalwater Bay Indian Reservation. This land is held in trust by the United States for the Shoalwater Bay Indian Tribe (the Tribe) subject to a possessory assignment in favor of Myrtle Landry. Petitioner is authorized and licensed to operate the smokeshop by the Shoalwater Bay Tribal Council and *101 pays taxes and license fees to the Tribe pursuant to tribal ordinances. During the years in issue, the fair rental value of the land upon which the smokeshop is situated was $5,000. This figure is based upon the value of the property for use in the operation of a smokeshop or other similar commercial enterprise, the highest and best use of this particular property. The net profit from retail sales of the smokeshop for the years in question is the separate income of petitioner Myrtle Landry and is as follows: [4]
Year
Net Income
1971
$68,840
1972
231,509
1973
201,451
1974
155,881
1975
152,505
1976
142,680
For the years 1971, through and including 1976, petitioners did not file Federal income tax returns, either separately or jointly. In the notices of deficiency the Commissioner determined that net smokeshop profits are includable in gross income. Section 61 provides that income "from whatever source derived," is subject to Federal income taxation. It is well established that the income of Indians is taxable under this section, "unless an exemption from taxation can be found in the language of *102 a Treaty or Act of Congress." Commissioner v. Walker,326 F.2d 261, 263 (9th Cir. 1964); Jourdain v. Commissioner,71 T.C. 980 (1979), affd. 617 F.2d 507 (8th Cir. 1980); Hoptowit v. Commissioner,78 T.C. 137 (1982), affd. 709 F.2d 564 (9th Cir. 1983). The mere fact that petitioners are Indians will not preclude them from being liable for the payment of income tax. Choteau v. Burnet,283 U.S. 691 (1931); Superintendent v. Commissioner,295 U.S. 418 (1935). In order to prevail petitioners must point to "express exemptive language in some statute or treaty" showing that they need not include amounts in their gross income. United States v. Anderson,625 F.2d 910, 913 (9th Cir. 1980); Karmun v. Commissioner,82 T.C. 201, 204 (1984). [5] See Welch v. Helvering,290 U.S. 111 (1933). Petitioners have failed to show an express exemption *103 in any Treaty or Act of Congress. Thus, we must agree with respondent that income from the smokeshop constitutes taxable income under section 61. This Court has previously decided the issue which is once again before us in this case. [6] Factually, the two cases do not differ. Petitioner is an enrolled member of the Shoalwater Bay Indian Tribe seeking a tax exemption for smokeshop income under the Treaty with the Quinaielt, 12 Stat. 971 and the General Allotment Act, 24 Stat. 388, 25 U.S.C. sec. 331 et seq. (1982). We have considered this treaty and others which contain identical language, [7] each time finding no express exemption from taxation. See United States v Anderson,supra;Karmun v. Commissioner,supra.
*104 We adhere to the multitude of earlier decisions involving the western Washington treaties, and those decisions which have found smokeshop income taxable. Hoptowit v. Commissioner,supra;Cross v. Commissioner, 83 T.C.     (Sept. 27, 1984); Hale v. United States,579 F. Supp. 646 (E.D. Wash. 1984). [8]
Alternatively, petitioners ask us to exclude the rental value of the land from their smokeshop income under the theory that this is rental income "directly derived" from the land within the meaning of Squire v. Capoeman,351 U.S. 1 (1956). Normally we would not consider this issue because petitioners first raised it in their reply brief. However, the parties did stipulate to the fair rental value and the only purpose of this stipulation was to raise this specific issue. Additionally, respondent had a previous opportunity to fully brief this issue in Cross v. Commissioner, 83 T.C.     (Sept. 27, 1984), a companion case *105 presenting comparable facts. We have carefully considered this issue in Cross and reach the same result here on the basis of our opinion in that case. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. ↩
2. Although not entirely clear from the record, it appears that the deficiency determined in Mr. Alfred Landry's taxes for the years 1971 through 1976 is based entirely on income from the smokeshop located on Highway 104, north of Tokeland Junction. The parties have stipulated that the income earned from the smokeshop does not constitute community property income but rather, is Mrs. Myrtle Landry's sole and separate income. Mr. Alfred Landry did not file a joint Federal income tax return with his wife for taxable years 1971 - 1976, the years before the Court. Therefore, Mr. Alfred Landry is not liable for any deficiency in his own Federal income taxes for those years, or for deficiencies in his wife's taxes as redetermined by this Court.↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. See note 2, supra.↩
5. Cf. Swiger v. Commissioner,T.C. Memo. 1984-228↩ (where the Court restated the requirement of the presence of express language to exempt smokeshop income from taxation).
6. Cf. Davis v. Commissioner,T.C. Memo. 1984-574↩. 7. The Treaty discussed in Cross v. Commissioner, 83 T.C.     (Sept. 27, 1984), was the Treaty of Medicine Creek, 10 Stat. 1132. The Treaty of Medicine Creek, supra↩ and the Treaty of the Quinaielt, 12 Stat. 971 were among several treaties negotiated by the then territorial governor Isaac Stevens with the western Washington tribes. All of these treaties contain identical language, and most pertinent to this case is the fact that all of the "western Washington treaties" contain the same Article 12. See Treaty of Point No Point, 12 Stat. 933; Treaty of Point Elliot, 12 Stat. 927; Treaty with the Makahs, 12 Stat. 939.
8. Cf. Swiger v. Commissioner,supra;Comenout v. Commissioner,T.C. Memo. 1982-40; Gord v. Commissioner,T.C. Memo. 1984-517↩.