JAMES M. HARGROVE AND ROLEEN L. HARGROVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hargrove v. Commissioner
Docket No. 18177-83.
United States Tax Court
T.C. Memo 1985-113; 1985 Tax Ct. Memo LEXIS 520; 49 T.C.M. (CCH) 950; T.C.M. (RIA) 85113; March 14, 1985. Ramon M. Escure, for the petitioners. Thomas N. Tomashek, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Deficiency
1977
$34,587
1978
34,334
1979
47,105
The only issue for decision is whether the income of petitioner Roleen L. Hargrove, a Puyallup Indian, from the operation of a smoke shop on her trust land is exempt from Federal income taxation. All of the facts have been stipulated and are found accordingly. Petitioners in this case are husband and wife and resided in Takoma, Washington, at the time of the filing of their petition in this case. They filed joint Federal income tax returns for calendar years 1977, 1978, and 1979 with the Internal Revenue Service Center in Ogden, Utah. *521 Petitioner, Roleen L. Hargrove, is an enrolled member of the Puyallup Indian Tribe; as such, she is a noncompetent Indian in that the United States holds title to her land in trust for her and she cannot alienate or encumber that land without the consent of the United States. [1]
During the years 1977, 1978, and 1979, petitioners were partners in a partnership which operated a retail outlet known as The Indian Smoke Shop at 7402 Pacific Highway East, Takoma, Washington. The shop was within the original external boundaries of the Puyallup Indian Reservation. The smoke shop was located on unallotted trust property which was held by the United States Government in trust for the benefit of petitioner Roleen L. Hargrove. The Puyallup Indian Tribe is a party to the Medicine Creek Treaty entered into on December 26, 1854, ratified on March 3, 1855, and proclaimed April 10, 1855, 10 Stat. 1132. On their joint Federal income tax returns for the years here in issue, petitioners did not include any income from their *522 partnership interest in the smoke shop. In the notice of deficiency, respondent increased petitioners' income as reported by the amounts of $95,642, $74,529, and $111,357 for the years 1977, 1978, and 1979, respectively, with the following explanation: Examination of the income and expenses of the partnership known as, Indian Smoke Shop, for its taxable years 1977, 1978, and 1979 show that your percentage of ownership in the partnership is 33 1/3 percent and your distributive share of the income is $95,642.00 for the year 1977, $74,529.00 for 1978, and $111,357.00 for 1979. It is determined that income from the retail sales of tobacco and miscellaneous products on an indian reservation is taxable. Therefore, your taxable income is increased $95,642.00 for 1977, $74,529.00 for 1978, and $111,357.00 for 1979. Petitioners contend that income earned by an enrolled member of the Puyallup Indian Tribe from a business venture operated solely on trust land within the original boundaries of the reservation is exempt from Federal income tax. They base this argument on the treaty rights as originally established under the Medicine Creek Treaty in favor of the Puyallup Indians. Respondent *523 takes the position that the income earned by petitioners during 1977 through 1979 from the retail sale of cigarettes and other tobacco products on the Puyallup Indian Reservation is not specifically exempted from Federal taxation by treaty or statute. Accordingly, respondent concludes that petitioners must include such income in their taxable income for the taxable years in issue. Section 61 provides that income "from whatever source derived" is subject to Federal income taxation. It is well established that the income of Indians is taxable under this section, "unless an exemption from taxation can be found in the language of a Treaty or Act of Congress." Hoptowit v. Commissioner,78 T.C. 137, 142 (1982), affd. 709 F.2d 564 (9th Cir. 1983). The mere fact that petitioners are Indians will not preclude them from being liable for the payment of income tax. Choteau v. Burnet,283 U.S. 691 (1931); Superintendent v. Commissioner,295 U.S. 418 (1935). In order to prevail, petitioners must point to "express exemptive language in some statute or treaty" showing that they need not include amounts in their gross income. United States v. Anderson,625 F.2d 910, 913 (9th Cir. 1980); *524 Karmun v. Commissioner,82 T.C. 201, 203-204 (1984), affd. 749 F.2d 567 (9th Cir. 1984). Petitioners have failed to show an express exemption in any "Treaty or Act of Congress." It is clear that the income in question is not covered by the statutory tax exemption contained in the General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C. sec. 331, et seq. (1970), which was construed by the Supreme Court in Squire v. Capoeman,351 U.S. 1 (1956), to exempt from Federal income tax income derived directly from restricted Indian land.Thus, we must agree with respondent that smoke shop income constitutes taxable income under section 61. We base this conclusion on our recent holding in Cross v. Commissioner,[2]83 T.C. 561 (1984). In Cross, we held that income derived by members of the Puyallup Indian Nation from operations of a smoke shop on land held in trust by the United States under the provisions of the Medicine Creek Treaty of 1854 and the General Allotment Act of 1887 was subject to Federal income tax since such income was not "directly derived" from the underlying trust land, and was not *525 expressly exempted from taxation by any statute or treaty. See also, Hoptowit v. Commissioner,supra;Critzer v. United States,220 Ct. Cl. 43, 597 F.2d 708 (1979). Alternatively, petitioners ask us to exclude the rental value of the land from their smoke shop income under the theory that this is rental income "directly derived" from the land within the meaning of Squire v. Capoeman,supra. This argument was carefully considered and rejected in Cross v. Commissioner,supra, where we held that the smoke shop income allocable to the fair rental value of the unimproved land upon which the smoke shop sat was not income "directly derived" from the trust land within the meaning of Squire v. Capoeman,supra, and was not excludable from gross income. [3] See also, Hale v. United States,579 F. Supp. 646 *526 (E.D. Wash., 1984). The recent Court reviewed opinion in Cross is dispositive of both issues in this case adversely to petitioners' contentions. Decision will be entered under Rule 155.
Footnotes
1. There is no stipulation regarding whether James M. Hargrove is a noncompetent Indian. However, this fact is not material to the resolution of the issue in this case.↩
2. See also, Wilbur v. Commissioner,T.C. Memo. 1984-576; Landry v. Commissioner,T.C. Memo. 1984-575; Estate of Davis v. Commissioner,T.C. Memo. 1984-574; Gord v. Commissioner,T.C. Memo. 1984-517↩.
3. Since we disposed of this case on the basis of our holding in Cross v. Commissioner,83 T.C. 561↩ (1984), we have not found it necessary to discuss the fact this record is devoid of evidence to show the amount, if any, of the petitioners' portion of the smoke shop income which might be allocable to the fair rental value of the land on which the building housing the smoke shop was situated.