64 F.3d 655
 76 A.F.T.R.2d 95-6139, 95-2 USTC P 50,474
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George S. BECK; Frela D. Beck, Petitioners-Appellants,
v.
COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-2311.
 United States Court of Appeals, Fourth Circuit.
 Aug. 29, 1995.
 
 ARGUED: Ben Oshel Bridgers, HAIRE & BRIDGERS, P.A., Sylva, NC, for Appellants. Robert Leslie Baker, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee. ON BRIEF: Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, David English Carmack, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.
 Before MICHAEL and MOTZ, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 George and Frela Beck appeal from a Tax Court decision holding that income generated by the rental of apartment buildings located on the Cherokee Indian Reservation is not exempt from federal income taxation. Finding no error, we affirm.
 
 I.
 
 2
 Frela Beck is an enrolled member of the Eastern Band of Cherokee Indians. At the time this case arose, George and Frela Beck lived within the Cherokee Indian Reservation in North Carolina. Pursuant to the Cherokee Allotment Act, 25 U.S.C. Sec. 331, Frela Beck is the beneficial holder of a parcel of trust land on the Eastern Band reservation. Legal title to the land is held in trust by the United States for the benefit of enrolled members on the reservation, and she had been issued a Certificate of Possessory Holding by the Eastern Band. The Certificate allows the holder to occupy and improve the land and to transfer her possessory interest to any heirs who are also members of the Eastern Band.
 
 
 3
 The Becks built a low-income apartment complex intended to provide affordable housing for members of the Eastern Band on Frela Beck's trust property. Federal income taxes were paid by the Becks on the rental income they earned in 1988, 1989, and 1990. In 1991, the Becks filed an amended federal income tax return for 1988 through 1990 deducting the earned rent from their taxable income for those years. The Becks based their amended filings on the theory that the proceeds from the operation of the apartment complex, as income allegedly derived directly from tax-exempt trust land, was not subject to taxation.
 
 
 4
 The Commissioner of Internal Revenue rejected the Becks' claim that their rental income was derived directly from the trust land and issued a notice of tax deficiency in 1992 for the amounts deducted. The Becks filed suit in the United States Tax Court challenging the notice of deficiency, and in 1994 the Tax Court sustained the Commissioner's findings. The Becks timely appealed the Tax Court's decision.
 
 II.
 
 5
 The Becks first assert that the apartments are situated on tax-exempt Eastern Band trust property, that their rental income is derived directly from the land, and that that income is not subject to federal income tax. This claim is based upon the language in the General Allotment Act, 25 U.S.C. Secs. 336 et seq., stating that, as to trust land, the "... taxation of said [Indian] land shall be removed ..." at the discretion of the Secretary of the Interior. In Squire v. Capoeman, 351 U.S. 1, 8 (1956), the Supreme Court held that this provision granted a tribal member tax exemption for any land so long as it is held in trust for that member by the United States.
 
 
 6
 The Court further held that, because the General Allotment Act was passed with the intention of promoting Native American economic self-sufficiency, tax-exempt status should extend not only to the trust land itself but also to income "derived directly therefrom." Id. at 9. In Capoeman, the primary economic benefit conferred by the land to the trust beneficiary of the disputed property was the timber value of the trees on the land. The Court found that the land would be of little value once the timber was removed, but that logging was productive activity to be encouraged, and so it would be counter to the purposes of the General Allotment Act to discourage logging by taxing the income derived therefrom. Id. at 10.
 
 
 7
 The Becks assert that the tax court construed Capoeman too narrowly when it found that only exploitation of the resources on tax-exempt trust land is derived directly therefrom and thus not taxable. They urge the Court to read Capoeman broadly and to effectuate the purposes of the General Allotment Act by exempting income earned from improvements on trust land from federal income taxation.
 
 
 8
 Federal courts in other jurisdictions have consistently applied essentially the same standard as that applied by the Tax Court in rejecting the Becks' claim. In Saunooke v. United States, 806 F.2d 1053 (Fed.Cir.1986), the court denied exempt status for gift shops, motels, and a gas station on trust land, while in Dillon v. United States, 792 F.2d 849 (9th Cir.1986), income from a smokeshop was found taxable. Similarly, in Hale v. United States, 579 F.Supp. 646 (E.D.Wash.1984), the court found rental income from an improved parcel of trust land to be taxable. In each case, the court found that the income was not derived directly from the land because the income was not generated by the direct exploitation or use of the land itself.
 
 
 9
 Alternatively, courts have granted tax exempt status to income derived from farming and ranching, Stevens v. Commissioner of Internal Revenue, 452 F.2d 741 (9th Cir.1971), oil and gas drilling, United States v. Daney, 370 F.2d 791 (10th Cir.1966), and timber harvesting, Kirschling v. United States, 746 F.2d 512 (9th Cir.1984), on tax-exempt trust land. Even income derived from the rental of unimproved trust land has been found not taxable. United States v. Hallam, 304 F.2d 620 (10th Cir.1962).
 
 
 10
 Thus, only income derived from the rental of trust land itself or the exploitation of natural resources thereon, including most agricultural uses, is tax-exempt. Income derived primarily from substantial investment in improvements on the land and business activity related to those improvements is taxable. Critzer v. United States, 597 F.2d 708 (Ct.Cl.), cert. denied, 444 U.S. 920 (1979).
 
 
 11
 The Becks' rental income is not derived from the direct exploitation or use of the land or its resources, but rather from business activities associated with improvements on the land. The General Allotment Act does not extend tax-exempt status to that income.
 
 III.
 
 12
 The Becks argue in the alternative that the fair rental value of the trust land itself, i.e. the value of the land if rented unimproved, is exempt and should be deducted from the taxable income derived from the improvements on the land. This potential broadening of the Capoeman standard has been addressed and rejected by other courts.
 
 
 13
 In Saunooke, the court noted that the "rental value of the [improved] land did not provide any direct income to the petitioners. At most, the land reduced the petitioners' expenses in operating their rental properties...." 806 F.2d at 1056. Similarly, the court in Dillon, 792 F.2d at 857, found that income from improvements is not tax exempt when the "bare land's fair rental value bears no relationship to the amount of income derived directly from the improved land." The rental income derived from the Becks' apartment complex was not shown to have been materially derived from, or in direct relationship to, the hypothetical rental value of the unimproved land.
 
 
 14
 The Becks nonetheless cite a 1983 Internal Revenue Service letter ruling which granted tax exempt status to income derived from campground rentals on Eastern Band land in support of their claim for partial exemption for the value of their land. The letter has no precedential value, 26 U.S.C. Sec. 6110(j)(3), and the determination made is obviously distinguishable from that made for the income from the Becks' apartments. The campground was essentially unimproved, and thus the rental value of the land itself was the primary source of the rental income. Moreover, there was a direct and easily determinable relationship between the rental value of the land and the income derived therefrom. Neither of these factors in support of the extension of tax-exempt status under Capoeman exist to support the Becks' claim that their rental income is less than fully taxable.
 
 
 15
 The Becks are not entitled to a partial tax-exemption for the appraised value of the bare trust land. No substantial or discernible portion of the Becks' rental income can fairly be said to be derived directly from their trust land.
 
 IV.
 
 16
 The Becks final claim is that the phrase "Indians not taxed" in section 2 of the Fourteenth Amendment of the United States Constitution generally and completely precludes the taxation of Native Americans by the federal government. The phrase was included in recognition of the fact that, at the time of the ratification of the Fourteenth Amendment, a few states did not tax Native Americans residents. Dillon, 792 F.2d at 852 n. 1. At the time, those Native Americans who were not taxed were not counted for the purposes of congressional representa tion, and thus the term refers to the payment of state taxes in the context of congressional apportionment. See, United States v. Willie, 941 F.2d 1384, 1400 (10th Cir.1991).
 
 
 17
 The phrase "Indians not taxed" places no limits on the taxation of Native Americans by the federal government. Jourdain v. Commissioner, 617 F.2d 507, 509 (8th Cir.1980). Native Americans are subject to the payment of income taxes unless exempted by treaty or statute. Capoeman, 351 U.S. at 6. The Becks are not generally exempted from federal income tax. See, Lazore v. Commissioner of Internal Revenue, 11 F.3d 1180, 1187 (3d Cir.1993).
 
 
 18
 The Tax Court's determination that the rental income derived from the Becks' apartment complex is fully taxable was correct.
 
 AFFIRMED