**Harry H. KARMUN and Alice G. Karmun, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–7308.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1984.

Decided Dec. 12, 1984.

Steven C. Moore, Boulder, Colo., for petitioners-appellants.

Nancy Morgan, U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before WRIGHT, SNEED, and ALARCON, Circuit Judges.

SNEED, Circuit Judge:

This is an appeal from a judgment of the United States Tax Court, 82 T.C. 201, finding deficiencies in the amounts of $1,931 and $8,688.83 in appellants' federal income taxes for 1977 and 1978. We affirm the Tax Court's judgment.

## I.

### FACTS AND PROCEEDINGS BELOW

Taxpayers Harry and Alice Karmun, who are natives of Alaska, filed federal income tax returns for 1977 and 1978 with the Internal Revenue Service Center in Ogden, Utah. For the same years, appellant Harry Karmun and his father, Alfred Karmun, filed partnership returns for their partnership named Alfred K. Karmun & Son (the partnership). The partnership operates a herd of approximately 2,000 reindeer under the provisions of the Reindeer Industry Act of 1937, 25 U.S.C. § 500 (1982) (the Reindeer Act or the Act). The reindeer were grazed on public land under grazing per-

mits issued by the Secretary of the Interior pursuant to the Act. The income here in dispute was appellants' distributive share of the partnership's income, all of which was realized from the sale of reindeer and reindeer products during 1977 and 1978.

The Reindeer Act was adopted in order to provide a "means of subsistence for the Eskimos and other natives of Alaska." 25 U.S.C. § 500 (1982). To this end, the Act authorized the Secretary of the Interior to acquire for the Eskimos reindeer and other property owned by nonnatives. The Act further authorized the Secretary to distribute, or hold in trust, the reindeer and other property and to organize, manage, and regulate the reindeer industry in such a manner as to establish and maintain for such Alaska natives a self-sustaining business. *Id.*

On their joint federal income tax returns for 1977 and 1978, appellants did not include as income Harry Karmun's distributive share of the partnership income for those years. On examination of those returns, the Commissioner determined that this share should have been included in gross income for each year, and accordingly, determined income tax deficiencies in the respective amounts of $1,931 and $8,688.83. Appellants thereafter filed a petition with the Tax Court seeking a redetermination of the asserted deficiencies on the ground that the Reindeer Act exempts from taxation income derived from reindeer and reindeer products. The Tax Court rejected that contention. Therefore, the sole question on appeal is whether earnings received by Alaskan natives from the sale of reindeer and reindeer products are exempt from federal income taxation under the Reindeer Act.

## II.

### DISCUSSION

Appellants make five arguments. First, they contend that, although the Reindeer Act does not expressly exempt from taxation income derived from reindeer and reindeer products, this court ought to imply an exemption on the basis of the purposes and policies of the Act. Second, they argue

that, under section 500g of the Reindeer Act, reindeer and reindeer products are "restricted property" as that term is used in Indian law, and that, under the principles of *Squire v. Capoeman,* 351 U.S. 1, 76 S.Ct. 611, 100 L.Ed. 883 (1956), income derived from restricted property is exempt from federal taxation. Third, they claim that the contracts conveying the reindeer to them from the Government evince an intent to exempt from taxation the income derived from operation of the herd. Fourth, appellants argue that this court ought to give great weight to an opinion issued by the Department of the Interior suggesting that a tax exemption is appropriate under the Act. Lastly, they argue that the IRS has conceded, through previous revenue rulings, that the income in dispute here is tax exempt. We shall consider each of these arguments in turn.

### A. *The Requirement of an Explicit Exemption*

This circuit has long held that Indians are subject to federal income taxes, as are other citizens, unless an exemption from taxation can be found in the language of a Treaty or Act of Congress. *Hoptowit v. Commissioner,* 709 F.2d 564, 565 (9th Cir.1983); *United States v. Anderson,* 625 F.2d 910, 913 (9th Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1367, 67 L.Ed.2d 347 (1981); *Commissioner v. Walker,* 326 F.2d 261, 263 (9th Cir.1964). Notwithstanding the canon of interpretation that resolves ambiguities in statutes and treaties in favor of Indians, we have recognized that the intent to exempt income of Indians from taxation must be clearly expressed. *Hoptowit,* 709 F.2d at 565; *Confederated Tribes of Warm Springs v. Kurtz,* 691 F.2d 878, 882 (9th Cir.1982); *Anderson,* 625 F.2d at 913. Policy considerations by themselves are insufficient to justify the implication of a tax exemption absent express exemptive language. *Anderson,* 625 F.2d at 916–17; *Fry v. United States,* 557 F.2d 646, 649 (9th Cir.1977), *cert. denied,* 434 U.S. 1011, 98 S.Ct. 722, 54 L.Ed.2d 754 (1978).

No clear expression of intent to exempt appears in the Reindeer Act. Appellants

argue, nevertheless, that the Act taken as a whole suggests that Congress intended an exemption. In making this argument, appellants rely principally on *Stevens v. Commissioner*, 452 F.2d 741 (9th Cir.1971). They read *Stevens* to say that this court will imply an exemption, absent express exemptive language, on the basis of the purposes and policies of a statute.

Appellants misread *Stevens*. In *Stevens*, this court held that income derived from lands purchased under the Indian Reorganization Act of 1934 (the IRA) is exempt from federal income taxation. The court reasoned that although the IRA itself does not contain express exemptive language, it has to be construed *in pari materia* with the General Allotment Act of 1887 (the GAA), which does contain such clear language. *Stevens*, 452 F.2d at 746; *see also Anderson*, 625 F.2d at 913 n. 5. Since the *Stevens* court interpreted the GAA and the IRA to be part of a single statutory scheme, express exemptive language in the GAA provided a basis for implying an exemption under the IRA. *Stevens*, 452 F.2d at 746. *Stevens* does not, as appellants contend, stand for the proposition that an exemption will be implied absent express exemptive language.

### B. *Squire v. Capoeman*

■ In *Squire v. Capoeman*, 351 U.S. 1, 76 S.Ct. 611, 100 L.Ed. 883 (1956), the Supreme Court reviewed the imposition of capital gains tax on the sale of timber cut from land allotted under the General Allotment Act of 1887. The GAA provided that allotted land was to be held in trust by the United States for the "sole use and benefit" of the Indian allottee, subject to a promise to convey the fee interest to the allottee at the end of the trust period "free of all charge or incumbrance whatsoever." 25 U.S.C. § 348 (1982). Finding this "free-from-incumbrance" language to evince a congressional intent to exempt allotted land from all taxes, the Court held that income derived directly from the land was exempt from federal taxation. *Squire*, 351 U.S. at 8, 76 S.Ct. at 615. No such language appears in the Reindeer Act. Income is tax exempt under *Squire* only

when the governing treaty or statute contains language which can reasonably be construed to confer an exemption. *Anderson*, 625 F.2d at 913; *see also Holt v. Commissioner*, 364 F.2d 38, 40 (8th Cir. 1966) (before panel including Blackmun, J.), *cert. denied*, 386 U.S. 931, 87 S.Ct. 952, 17 L.Ed.2d 805 (1967). Therefore, it is not exempt here.

■ Moreover, as the Tax Court observed, the purpose of the legislation involved here is entirely different from that in *Squire*. The purpose of the GAA was to benefit the individual allottees by preparing them to become independent citizens. Accordingly, the *Squire* court found that the tax exemption was crucial to fulfilling this purpose. *Squire*, 351 U.S. at 9, 76 S.Ct. at 616. By contrast, the purpose of the Reindeer Act is to provide a continuing food source to the Eskimos of northwestern Alaska through the establishment of a native-operated reindeer industry. 25 U.S.C. § 500 (1982). That purpose is not undermined by requiring the owners and operators of the reindeer herds to pay federal income taxes on their profits from the successful conduct of such operations.

### C. *Other Arguments*

■ Appellants' third argument is that the contracts conveying the reindeer to them from the Government evince an intent to exempt from taxation the income at issue here. These contracts were not introduced into evidence before the Tax Court, and are not part of the record on appeal. Normally, an appellate court will not supplement the record on appeal with evidence not reviewed by the lower court. *Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir.), *cert. denied*, 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). Even assuming that this court were to consider these contracts, however, they do not clearly indicate that a tax exemption was contemplated by the parties to the contracts.

■ Appellants also seek to bolster their position by relying on an opinion issued by the Department of the Interior suggesting that income from the sale of reindeer is exempt from taxation. 2 Op.Sol. on Indian

Affairs 2016 (U.S.D.I. July 2, 1970). The opinion is not controlling. As the Interior opinion itself states, the authoritative determination of federal income tax questions is within the province of the Treasury, not the Interior, Department. *Id.* at 2017. To give great weight to the opinion in these circumstances would thus be inappropriate.

Finally, appellants argue that the IRS has conceded in Rev.Rul. 67–284, 1967–2 C.B. 55, and in earlier rulings, that income derived from trust property shall be tax exempt. Appellants read more into these rulings than is there. The rulings state that such income will be exempt from taxation only where the statute in question contains "language indicating clear congressional intent" that the property not be subject to taxation. *Id.* at 56. As we noted above, the Reindeer Act contains no such express exemptive language. These rulings do not amount to an administrative concession.

For the foregoing reasons, we affirm the judgment of the Tax Court.

AFFIRMED.