PERNELLE RAY TURNIPSEED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE., Respondent; BERTHA JANE TURNIPSEED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turnipseed v. Commissioner
Docket Nos. 16845-81, 17607-81.
United States Tax Court
T.C. Memo 1985-335; 1985 Tax Ct. Memo LEXIS 297; 50 T.C.M. (CCH) 369; T.C.M. (RIA) 85335; July 9, 1985. Harry R. Sachse and Robert J. Chicoine, for the petitioners. Thomas N. Tomashek, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Pernelle Ray Turnipseed
Internal Revenue Code of 1954
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1977
$347,544
$86,886
$17,377
1978
464,150
116,038
23,207
1979
219,071
54,767
10,954
Bertha Jane Turnipseed
Internal Revenue Code of 1954
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1977
$712,582
$178,146
$35,629
1978
945,923
236,481
47,296
1979
457,335
114,334
22,867
*298 After concessions, [2] the two issues remaining for decision in these consolidated cases are (1) whether the income received by Bertha Jane Turnipseed, [3] a Puyallup Indian, from the operation of two smokeshops on trust land is exempt from Federal income taxation; and (2) whether income from the sale of such a smokeshop is exempt from Federal income taxation. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly.The stipulation of facts and attached *299 exhibits are incorporated herein by this reference. Petitioner resided in Tacoma, Washington, at the commencement of this case and did not file U.S. individual income tax returns for the years 1977, 1978, and 1979. Petitioner is an enrolled member of the Puyallup Indian Nation; as such, she is a noncompetent Indian in that the United States holds title to her land in trust under the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. sec. 462. Petitioner operated two retail smokeshops for the sale of cigarettes and related products. One smokeshop was located in Tacoma, Washington, within the boundaries of the Puyallup Indian Reservation ("Tacoma smokeshop").The Tacoma smokeshop was located on unalloted trust property which was held by the United States in trust for the benefit of petitioner. The Puyallup Indian Tribe is a party to the Medicine Creek Treaty of 1854 ("Treaty of Medicine Creek"), 10 Stat. 1132. Petitioner's other smokeshop was located in Hollywood, Florida, within the boundaries of the Seminole Indian Reservation ("Florida smokeshop"). For all periods relevant to this litigation, the land where the Florida smokeshop was located *300 was held by the United States in trust for the Seminole tribe. Petitioner leased the Florida smokeshop land from a member of the Seminole tribe. Petitioner had the following net income in the years in issue: Tacoma Smokeshop
Florida Smokeshop
Year
Income (Loss)
Income
1977
(24,505)
$569,251
1978
53,056 574,830
1979
(17,519)
174,799
Petitioner sold the Florida smokeshop in 1979. The character and amount of income arising from the sale are: Ordinary income
$47,402
Capital gain
141,039
Dr. Barbara Lane ("Lane") is an anthropologist with expertise concerning the Northwest Indian tribes, particularly the Puyallup tribe. Petitioner submitted Lane's report which discusses the economy and livelihood of the Puyallup Indian Nation at the time the Treaty of Medicine Creek was negotiated. Lane concludes that Puyallups would have understood that no limitations or encumbrances, except geographical, were implied or intended. OPINION Smokeshop Operating Incom
Section 61 defines gross income to include "all income from whatever source derived." It is well established that the income of Indians is taxable under this section, "unless *301 an exemption from taxation can be found in the language of a Treaty or Act of Congress." Commissioner v. Walker,326 F.2d 261, 263 (9th Cir. 1964); Jourdain v. Commissioner,71 T.C. 980 (1979), affd. 617 F.2d 507 (8th CIr. 1980); Hoptowit v. Commissioner,78 T.C. 137 (1982), affd. 709 F.2d 564 (9th Cir. 1983). The mere fact that petitioner is an Indian will not preclude her from Federal income tax liability. Choteau v. Burnet,283 U.S. 691 (1931); Superintendent v. Commissioner,295 U.S. 418 (1935). In order to prevail, petitioner must point to "express exemptive language in some statute or treaty" such that she may specifically exclude an amount from gross income. United States v. Anderson,625 F.2d 910, 913 (9th Cir. 1980). Furthermore, the Ninth Circuit has re-emphasized in a recent case that "the intent to exempt income of Indians from taxation must be clearly expressed." Karmun v. Commissioner,749 F.2d 567 (9th Cir. 1984), affg. 82 T.C. 201 (1984). Petitioner attempts to establish an implied exemption from taxation *302 through the use of Lane's report. We find that Lane's report is not relevant because an implied exemption cannot be created in the presence of the clear and unambiguous language of the Medicine Creek Treaty. The Treaty signatories surely did not intend a geographical trade limitation to restrict the taxing authority of the United States to impose a tax not yet in existence. See Cross v. Commissioner,83 T.C. 561, 565 (1984). Income derived directly from restricted Indian land is exempt from Federal income tax. Squire v. Capoeman,351 U.S. 1 (1956). In Cross v. Commissioner,supra, [4] we held that income derived from the operation of a smokeshop is taxable because it is neither directly derived from the underlying trust land nor expressly exempted from taxation in any treaty or statute. Our opinion in Cross, therefore, is dispositive of this issue. Peitioner's smokeshop income was not directly deirved from the land, and petitioner failed to establish an express exemption in any treaty or statute. Petitioner, therefore, must include her smokeshop earnings in her gross income. We have considered petitioner's other arguments *303 and find them unpersuasive. Florida Smokeshop Sale
Petitioner asserts that the income she received from the sale of the Florida smokeshop not be includible in her gross income. Respondent argues that the income is includible since it is neither derived directly from the land nor exempted by treaty or statute. We agree with respondent. In Squire v. Capoeman,supra, the Supreme Court held that a noncompetent Indian may exclude income from the sale of timber growing on land held in trust by the United States pursuant to the General Allotment of 1887, 24 Stat. 388, 25 U.S.C. sec. 331 et seq. (1982) ("General Allotment Act"). The court read the General Allotment Act as exempting income "directly derived" from the land. Cases which have applied the "directly derived" exemption involve narrow situations where there is exploitation of the land itself. Stevens v. Commissioner,452 F.2d 741 (9th Cir. 1971) (income from farming and ranching); United States v. Daney,370 F.2d 791 (10th Cir. 1966) *304 (income from oil and gas leases); Hayes Big Eagle et al. v. United States,156 Ct. Cl. 665, 300 F.2d 765 (1962) (royalties from mineral deposits). In the instant case, the proceeds from petitioner's sale of a going concern are not exempt from taxation. The income was directly derived from the typical items associated with the sale of a going retail concern, not directly derviced from the land itself. Furthermore, there is no exploitation of the land as is evident in cases which have applied the narrow exemption of Squire. Therefore, the income from the sale of the Florida smokeshop is includible in petitioner's gross income. Based on the foregoing, Decision will be entered for the petitioner in docket No. 16845-81.
Decision will be entered under Rule 155 in docket No. 17607-81.
Footnotes
1. All section refrences are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded that petitioners received no income from gambling or the operation of a card room during the years in issue and that petitioners were not liable for additions to tax under sections 6651(a) and 6653(a). ↩
3. Respondent conceded that the income in issue was the separate income of petitioner Bertha Jane Turnipseed. Accordingly, petitioner Pernelle Ray Turnipseed is not subject to a deficiency. Therefore, petitioner in the singular form hereinafter refers to Bertha Jane Turnipseed.↩
4. See also Hargrove v. Commissioner,T.C. Memo. 1985-113; Wilbur v. Commissioner,T.C. Memo. 1984-576↩.