DAVID J. ROBERTS AND DOLORES C. ROBERTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket No. 1921-83.
United States Tax Court
T.C. Memo 1985-425; 1985 Tax Ct. Memo LEXIS 206; 50 T.C.M. (CCH) 782; T.C.M. (RIA) 85425; August 14, 1985. Richard M. Berley, for the petitioner. Thomas N. Tomashek, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax: Year
Deficiency
1974
$5,679.00
1975
17,497.00
1976
7,644.00
1977
12,445.00
1978
12,216.00
1979
12,475.00
After concessions, the sole issue for decision is whether income earned from the retail sale of cigarettes and tobacco products by a member of the Colville Confederated Tribes within the Colville Indian Reservation is subject to Federal income taxation. FINDINGS OF FACT *207 This case was submitted under Rule 122. [1] The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners David J. Roberts ("Mr. Roberts") and Dolores C. Roberts ("Mrs. Roberts") resided in Brewster, Washington when the petition herein was filed. Petitioners filed joint U.S. Individual Income tax returns for the years 1974 through 1979. Mr. Roberts is an enrolled member of the Colville Confederated Tribes, and is a noncompetent Indian. [2] Mrs. Roberts is not an Indian. *208 The income at issue was earned from the sale of cigarettes and tobacco products from a smokeshop located on land held in trust by the United States within the boundaries of the Colville Indian Reservation. Petitioners were duly authorized and licensed to operate the smokeshop by the Business Council of the Colville Confederated Tribes. The income was not reported for Federal income tax purposes for any year in issue. Respondent conceded that net profit from the smokeshop sales was as follows: 1974
$19,879.20
1975
49,036.50
1976
29,208.60
1977
39,914.10
1978
39,223.80
1979
40,425.30
These amounts are less than the amounts used in the notice of deficiency. Respondent also conceded that petitioners are not liable for additions to tax under section 6651(a) or section 6653(a) for the years in issue. The fair rental value of the bare land upon which the smokeshop was situated was $1,500 per year during the years 1974 through 1979. The parties agreed that the Court shall have recourse to pleadings, evidence, briefs and other materials submitted in Gord v. Commissioner,T.C. Memo. 1984-517, on appeal (9th Cir., Dec. 21, 1984) subject *209 to objections of counsel therein. OPINION Section 61 defines gross income to include "all income from whatever source derived." It is well established that the income of Indians is taxable under this section, "unless an exemption from taxation can be found in the language of a Treaty or Act of Congress." Commissioner v. Walker,326 F.2d 261, 263 (9th Cir. 1964); Hoptowit v. Commissioner,78 T.C. 137 (1982), affd. 709 F.2d 564 (9th Cir. 1983); Jourdain v. Commissioner,71 T.C. 980 (1979), affd. per curiam 617 F.2d 507 (8th Cir. 1980). The mere fact that Mr. Roberts is an Indian will not preclude him from Federal income tax liability. Choteau v. Burnet,283 U.S. 691 (1931); Superintendent v. Commissioner,295 U.S. 418 (1935). In order to prevail, petitioners must point to "express exemptive language in some statute or treaty" such that they may specifically exclude an amount from gross income. United States v. Anderson,625 F.2d 910, 913 (9th Cir. 1980). Furthermore, the Ninth Circuit has re-emphasized in a recent case that "the intent to exempt income *210 of Indians from taxation must be clearly expressed." Karmun v. Commissioner,749 F.2d 567, 569 (9th Cir. 1984), affg. 82 T.C. 201 (1984). Our recent Court-reviewed opinion in Cross v. Commissioner[3]83 T.C. 561 (1984), on appeal (9th Cir. June 27, 1985) is dispositive of this case. As in Cross, petitioners have failed to show an express exemption in any Treaty or Act of Congress. The Supreme Court has found such an exemption under the General Allotment Act of 1887, Ch. 119, 24 Stat. 388, 25 U.S.C. Sec. 331, et seq. (1982), [4] where such income is derived directly from restricted Indian land. Squire v. Capoeman,351 U.S. 1 (1956). Cases which have applied the directly derived exemption involved narrow situations where there was exploitation of the land itself. Stevens v. Commissioner,452 F.2d 741 (9th Cir. 1971) *211 (income from farming and ranching); United States v. Daney,370 F.2d 791 (10th Cir. 1966) (income from oil and gas leases); Hayes Big Eagle et al. v. United States,156 Ct. Cl. 665, 300 F.2d 765 (1962) (royalties from mineral deposits). Smokeshop income is not derived directly from the underlying trust land due to the absence of exploitation of the land itself. Cross,supra.
We find nothing in petitioners' case that is distinguishable from our opinion in Corss,supra. Consequently, the income from petitioner's smokeshop is includible in their gross income as retermined by respondent. We have considered petitioners' other arguments and find them unpersuasive. Based on the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The term "noncompetent Indian" as used in these cases, refers to one who has been allotted land that is held in trust by the United States and who, therefore, may not alienate or encumber that land without the consent of the United States. The term does not denote mental capacity. See Stevens v. Commissioner,452 F.2d 741, 742 n. 1 (9th Cir. 1971) affg. in part and revg. in part 52 T.C. 330 (1969), Supp. Opinion 54 T.C. 351↩ (1970).
3. Cf. Tonasket v. Commissioner,T.C. Memo. 1985-365; Farris v. Commissioner,T.C. Memo. 1985-346; Turnipseed v. Commissioner,T.C. Memo. 1985-335; Gord v. Commissioner,T.C. Memo. 1984-517↩, on appeal (9th Cir. Dec. 21, 1984).
4. The General Allotment Act of 1887 contains identical language to that of the Act of Mar. 8, 1906, Ch. 629, 34 Stat. 55, and is incorporated by reference in the Act of March 22, 1906, Ch. 1126, 34 Stat. 80, the two Federal statutes which provided for the allotment of the Colville Indian Reservation.↩