951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig J. MACDONALD, Defendant-Appellant.
 No. 89-30376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 11, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Craig Joseph MacDonald appeals the denial of a motion to correct his sentence pursuant to former Fed.R.Crim.P. 35(a). MacDonald was convicted on charges involving methamphetamine; the offenses occurred prior to November 1, 1987. The district court rejected MacDonald's attack on the legal status of methamphetamine as a controlled substance and as a Schedule II controlled substance. The district court also rejected MacDonald's argument that the indictment was faulty for failing to specify the quantity of illegal drugs involved in the charges. Reviewing de novo the legality of MacDonald's sentence, see United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987), we affirm.
 
 
 3
 * MacDonald first argues that, because the Attorney General has excluded from the schedules of controlled substances particular medications containing methamphetamine (i.e., Rynal and Vicks Inhaler), and because the Attorney General may be compelled by statute to exclude other such substances, methamphetamine in all forms must be deemed excluded from the controlled substances schedules. We have recently rejected this argument. United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991); United States v. Caperell, 938 F.2d 975, 978-79 (9th Cir.1991). We do so again here.
 
 II
 
 4
 MacDonald next argues that because the Attorney General failed to follow the correct procedures in transferring methamphetamine from Schedule III to Schedule II, methamphetamine remains a Schedule III controlled substance. MacDonald presses this argument for the purpose of altering his sentence to conform with a Schedule III sentencing regime. Compare 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984) (sentencing regime for most Schedule I & II substances) with id. § 841(b)(1)(C) (sentencing regime for Schedule III substances).[1] This argument might also be directed at the sufficiency of the indictment. See Durham, 941 F.2d at 888.
 
 
 5
 In any event, this argument lacks merit. We recently declared that "[i]t is no longer an open question whether methamphetamine has properly been designated a Schedule II controlled substance." Id. at 889. And, regarding MacDonald's specific contention that the Attorney General failed to follow the correct administrative procedures while rescheduling methamphetamine in 1971, we have previously stated that the Attorney General's authorized representative "followed the procedures and made the findings required to reschedule methamphetamine ... in 1971." United States v. Kendall, 887 F.2d 240, 241 (9th Cir.1989). Accordingly, MacDonald's argument here fails.[2]
 
 III
 
 6
 Finally, MacDonald argues that because the indictment brought against him failed to specify the amount of methamphetamine involved in the charges, he should only be subject to a maximum of five years incarceration on each conviction. This argument is based on two erroneous premises.
 
 
 7
 First, MacDonald continues to assume that methamphetamine is a Schedule III controlled substance, for which the maximum penalty per count under the statute proscribing MacDonald's conduct was five years. See 21 U.S.C. § 841(b)(1)(C) (Supp. II 1984). Methamphetamine, however, is a Schedule II controlled substance, see supra pt. II, for which the maximum penalty per count under the statute proscribing MacDonald's conduct is usually fifteen years regardless of the amount of methamphetamine involved, see 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).
 
 
 8
 The second erroneous premise to MacDonald's argument here is that his sentence was enhanced above the fifteen-year level, to twenty five years on each of two counts (to be served concurrently), on the basis of the amount of methamphetamine involved in the charges on which he was convicted. The basis for the enhancement, however, was not the amount of methamphetamine, but the fact that MacDonald had been previously convicted in a manner which raised the statutory maximum for a violation of 21 U.S.C. § 841(a) to thirty years. See 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).
 
 
 9
 In view of the foregoing, we can see no purpose in holding that the amount of methamphetamine should have been included in the indictment brought against MacDonald. We therefore cannot accept his argument here.
 
 IV
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties do not dispute that the version of 21 U.S.C. § 841(b) appearing in the 1984 supplement to the 1982 edition of the United States Code governs MacDonald's sentence
 
 
 [2]
 In support of his argument that the Attorney General failed to follow the correct procedures in 1971, MacDonald seeks to have this court consider evidence not presented to the district court. In view of the settled nature of the issue, we decline to exercise our discretion to supplement the record on appeal with evidence not reviewed below. See Karmun v. Commissioner, 749 F.2d 567, 570 (9th Cir.1984), cert. denied, 474 U.S. 819 (1985)