73 F.3d 370
 77 A.F.T.R.2d 96-329, 96-1 USTC P 50,106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PAN PACIFIC TRADING CORPORATION, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1995.*
Decided Dec. 26, 1995.
 
 Before: HUG, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pan Pacific Trading Corporation appeals the tax court's denial of its motion for attorney's fees pursuant to Internal Revenue Code (IRC) Sec. 7430 (26 U.S.C. Sec. 7430). The tax court found that the Commissioner of Internal Revenue's position was substantially justified. The tax court had jurisdiction pursuant to IRC Secs. 6214 and 7442. We have jurisdiction pursuant to IRC Sec. 7482. Because we find that the tax court did not abuse its discretion in denying Pan Pacific's motion, we affirm.
 
 
 3
 * The decision whether to award attorney's fees under IRC Sec. 7430 is reviewed for an abuse of discretion. Bertolino v. Commissioner of Internal Revenue, 930 F.2d 759, 761 (9th Cir.1991).
 
 II
 
 4
 The facts of this case are fully set out in a 21-page combined memorandum opinion and opinion of the special trial judge. We recount the essential facts here.
 
 
 5
 Pan Pacific is a California corporation. It is controlled by Tize-Shun Tan (Mr. Tan), who owns approximately 97% of the common stock of Pan Pacific. Mr. Tan's son Richard owns the remaining interest. Mr. Tan was a national of Taiwan. He was naturalized as a U.S. citizen in 1984. In the tax years 1986 and 1987, Pan Pacific paid a total of several million dollars in commissions.
 
 
 6
 In the course of an audit, the Commissioner determined that the commissions may have been subject to withholding requirements under IRC Secs. 1441, 1442 and 1461 as payments to nonresident aliens, foreign corporations or foreign partnerships for services rendered in the U.S. The Commissioner issued a Notice of Deficiency to Pan Pacific.
 
 
 7
 Pan Pacific contested the Notice of Deficiency by filing a petition for redetermination of the deficiency in the tax court. In its petition, Pan Pacific alleged that it was not liable for withholding because the commissions at issue were paid to nonresident aliens, foreign corporations and/or foreign partnerships for services rendered outside the United States.
 
 
 8
 In the course of litigation and further investigation by the Commissioner, the IRS suggested to Pan Pacific's counsel that the commissions were paid to Mr. Tan. Upon production of evidence proving that Mr. Tan was a U.S. citizen during the years at issue, the Commissioner conceded that there is no deficiency.
 
 
 9
 Pan Pacific moved for an award of attorney's fees. Finding that the Commissioner's position was "substantially justified," the tax court denied Pan Pacific's motion.
 
 III
 
 10
 We have reviewed the record and find the combined memorandum opinion and opinion of the special trial judge to be thorough and well-reasoned. Accordingly, we hold that the tax court did not abuse its discretion in denying Pan Pacific's motion for attorney's fees.
 
 
 11
 Pan Pacific has requested that we judicially notice a lengthy list of facts. Many of these facts are not part of the record considered by the tax court. If such facts were deemed relevant by the corporation, they should have been presented to the tax court. Karmun v. Commissioner of Internal Revenue, 749 F.2d 567 (9th Cir.1984), cert. denied, 474 U.S. 819 (1985). We reject Pan Pacific's request that we take judicial notice of facts on appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3