**Albert L. and Rita F. LaFONTAINE, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 75–1740.**

United States Court of Appeals, Eighth Circuit.

Submitted March 30, 1976.

Decided April 7, 1976.

Albert L. LaFontaine, pro se.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Michael L. Paup and Ann Belanger Durney, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief for appellee and appendix.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal from a decision of the United States Tax Court is before a screening panel of this Court pursuant to Eighth Circuit Court Rule 6. We affirm the decision of the Tax Court.[1] *See* Eighth Circuit Court Rule 9.

Albert L. LaFontaine, the taxpayer, is a certified member of the Turtle Mountain Band of Chippewa Indians and Chief of the Grand Council of Confederated Nations. He and his wife, Rita F. LaFontaine, filed a joint federal income tax return for 1971, reporting $9,060.56 of income. The income was derived exclusively from wages earned by the taxpayer from his employment as a machinist for Burlington Northern, Inc. The taxpayer calculated the tax due as zero because Indians are not, in his opinion subject to taxation. The Commissioner of Internal Revenue asserted a deficiency of $1,104, which the Tax Court upheld.

The Supreme Court has stated the applicable law:

> Indians are citizens and * * * in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens.

*Squire v. Capoeman*, 351 U.S. 1, 6, 76 S.Ct. 611, 615, 100 L.Ed. 883, 888 (1956). *See also Choteau v. Burnet*, 283 U.S. 691, 51 S.Ct. 598, 75 L.Ed. 1353 (1931); *Holt v. C.I.R.*, 364 F.2d 38 (8th Cir. 1966), *cert. denied*, 386 U.S. 931, 87 S.Ct. 952, 17 L.Ed.2d 805 (1967); *C.I.R. v. Walker*, 326 F.2d 261 (9th Cir. 1964).

Although the taxpayer has cited more than thirty treaties, he has failed to point to any provision in any of the treaties which exempts his wages from federal income taxation because he is an Indian. The Tax Court was also unable to find any exempting provision. As the taxpayer has failed to demonstrate his right to an exemption, the decision of the Tax Court is affirmed.

---

1. The opinion of the Tax Court is unofficially reported at 1975 P–H Memo T.C. ¶ 75,165.