Roger A. JOURDAIN and Margaret E. Jourdain, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 79–1622.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1980.

Decided March 19, 1980.

Rodney J. Edwards, Edwards, Edwards, & Bodin, Duluth, Minn., for appellants.

Gilbert S. Rothenberg, Atty., Tax Division, Dept. of Justice, Washington, D. C., for appellee; M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Grant W. Wiprud, and Gilbert S. Rothenberg, Washington, D. C., on brief.

Before LAY, Chief Judge, BRIGHT, Circuit Judge, and SCHATZ, District Judge.*

PER CURIAM.

Roger and Margaret Jourdain [1] (Jourdain) appeal from a decision of the

---

\* ALBERT G. SCHATZ, United States District Judge, District of Nebraska, sitting by designation.

1. Margaret Jourdain is a party to this appeal solely by reason of her filing joint tax returns with her husband.

Tax Court that they owe federal income tax deficiencies for the years 1971 and 1972 in the amounts of $3,202.98 and $3,549.91, respectively. On appeal Jourdain contends principally that the Tax Court erred as a matter of law in holding that his income as chairman of the tribal council of the Red Lake Band of Chippewa Indians (the Tribe) is taxable under the Internal Revenue Code. We disagree. Accordingly, we affirm the Tax Court judgment.

The relevant facts in this case are undisputed. Jourdain is a duly enrolled member of the Tribe and resides on its reservation in northwestern Minnesota. Since 1959, he has served as chairman of its tribal council. In that capacity, Jourdain received salaries in 1971 and 1972 of $15,750 and $18,000, respectively.[2] He also received reimbursement funds from the tribal council that exceeded his allowable expenses for 1971 and 1972 in the amounts of $266.92 and $290.38, respectively. Jourdain's salary and expenses were paid out of monies disbursed to the Tribe by the Bureau of Indian Affairs from trust funds held for the Tribe's benefit. The trust funds consisted of tribal receipts from royalties, leases, and other sources, together with accrued interest earned on the funds while held in trust by the Government.

Jourdain failed to report both his tribal and his nontribal income[3] on his tax returns for 1971 and 1972. The Internal Revenue Service audited those returns and assessed deficiencies on the basis of the unreported income. Jourdain then petitioned the Tax Court for a redetermination of his tax liability.

Jourdain contends that the General Allotment Act of 1887[4] (General Allotment Act) exempts his income as tribal chairman from taxation. To support this argument, Jourdain relies on *Squire v. Capoeman*, 351 U.S. 1, 76 S.Ct. 611, 100 L.Ed. 883 (1956). In *Capoeman*, the Court held that capital gain income of a noncompetent Indian[5] derived from allotted tribal land was tax-exempt under provisions of the General Allotment Act. Jourdain argues that because his tribal income derives from reservation land *reserved* for allotment, even though unallotted, it should likewise be tax-exempt.[6]

■ The Tax Court held, however, that the *Capoeman* exemption applies only to income derived from allotted land. *Jourdain v. Commissioner*, 71 T.C. 980, 989 (1979). This holding was correct. We have previously considered and rejected the argument that the exemption recognized in *Capoeman* extends to income derived by a noncompetent Indian from unallotted tribal land. *Holt v. Commissioner*, 364 F.2d 38, 41 (8th Cir. 1966), *cert. denied*, 386 U.S. 931, 87 S.Ct. 952, 17 L.Ed.2d 805 (1967). *See also Fry v. United States*, 557 F.2d 646 (9th Cir. 1977), *cert. denied*, 434 U.S. 1011, 98 S.Ct. 722, 54 L.Ed.2d 754 (1978); *Commissioner v. Walker*, 326 F.2d 261 (9th Cir. 1964).

Jourdain argues next that subjecting his income to taxation constitutes "molestation from the United States" prohibited by article V of the Treaty with the Tribes of Indians of Greenville, August 3, 1795, 7 Stat. 49. He also contends that the Constitution's references to "Indians not taxed" in

2. The tribal council withheld both income and social security taxes from Jourdain's salary.

3. Jourdain received income from nontribal sources amounting to $2,605 in 1971 and $2,245 in 1972. On appeal he does not claim an exemption from taxes for these items of income.

4. Act of February 8, 1887, ch. 119, § 1 *et seq.*, 24 Stat. 388 (codified at 25 U.S.C. § 331 *et seq.* (1976)).

5. A noncompetent Indian is one who lacks the legal capacity to alienate tribal land allotted to him under provisions of the General Allotment Act. The term does not denote mental incapac-

ity. A noncompetent Indian holds property under a trust patent and may not dispose of it without the approval of the Secretary of the Interior. *Stevens v. Commissioner*, 452 F.2d 741, 742 n.1 (9th Cir. 1971). Jourdain does not possess a certificate of competency.

6. The Tribe's revised constitution and bylaws prohibit the allotment of its land. In addition, the Act of June 18, 1934, ch. 576, § 1 *et seq.*, 48 Stat. 984 (codified at 25 U.S.C. § 461 *et seq.* (1976)), terminated the allotment process initiated by the General Allotment Act.

Art. I, § 2, and Amend. 14, § 2, similarly prohibit the taxation of Indians whose tribes were recognized at the time the Constitution was ratified. Finally, Jourdain contends that the Internal Revenue Code does not apply to Indians because it contains no express statement that Indians fall within its intended scope.

 The Tax Court held that the "molestation" prohibited by the Treaty of Greenville was interference with the rights of Indians to hunt and otherwise enjoy their land, not the "right" to be free from federal taxation. It also held that constitutional references to "Indians not taxed" merely reflect the fact that some Indians were not taxed by the states in which they resided; the references do not restrain the federal government from taxing Indians. Finally, the Tax Court noted that Indians are subject to federal income tax unless specifically exempted by treaty or statute. *See, e. g., LaFontaine v. Commissioner*, 533 F.2d 382 (8th Cir. 1976).

We agree with those conclusions. Accordingly, we affirm the Tax Court judgment on the basis of its thorough and well-reasoned opinion. *Jourdain v. Commissioner*, 71 T.C. 980 (1979).