FRANCES SWIGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swiger v. Commissioner
Docket No. 6216-83.
United States Tax Court
T.C. Memo 1984-228; 1984 Tax Ct. Memo LEXIS 439; 47 T.C.M. (CCH) 1724; T.C.M. (RIA) 84228; April 30, 1984. Robert E. Kovacevich, for the petitioner. Thomas N. Tomashek, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Sec. 6651(a) [1]
Sec. 6653(a)
Year
Deficiency
Addition to Tax
Addition to Tax
1976
$22,607.03
$5,522.76
1977
84,696.36
21,033.59
1978
77,854.14
19,336.54
1979
74,902.83
7,420.98
$3,784.34
After concessions, the sole issue is whether income earned by a mamber of the Spokane Indian Tribe from the retail sales of a "smokeshop" located on the Spokane Indian Reservation is subject to Federal income taxation. The facts have been fully stipulated and are so found. *440 Petitioner Frances Swiger resided in Ford, Wash., when the petition was filed herein. Petitioner is an enrolled member of the Spokane Indian Tribe. During the years at issue she operated a retail store known as "The Little Squaw Smokeshop" (herein the smokeshop). The smokeshop was located within the boundaries of the Spokane Indian Reservation on a tract of land which the United States government held in trust for the benefit of petitioner. Petitioner believed that the income she received from the smokeshop was exempt from taxation and therefore did not report that income on her returns for the years in issue. In his notice of deficiency, respondent determined that petitioner was taxable on the smokeshop income. It is well established that the income of Indians, as well as other individuals, is taxable "unless an exemption from taxation can be found in the language of a Treaty or Act of Congress." Commissioner v. Walker,326 F.2d 261, 263 (9th Cir. 1964), affg. in part and revg. in part 37 T.C. 962 (1962); Jourdain v. Commissioner,71 T.C. 980, 987 (1979), affd. per curiam 617 F.2d 507 (8th Cir. 1980). Although *441 ambiguous language in a treaty or statute must be construed in favor of Indians, see Hoptowit v. Commissioner,78 T.C. 137 (1982), affd. 709 F.2d 564 (9th Cir. 1983), this principle "comes into play only if such statute or treaty contains language which can reasonably be construed to confer income [tax] exemptions." Holt v. Commissioner,364 F.2d 38, 40 (8th Cir. 1966), affg. 44 T.C. 686 (1965). Where there is an absence of any language with respect to the question of taxation, an exemption does not thereby exist by negative implication. Mescalero Apache Tribe v. Jones,411 U.S. 145, 156 (1973). Petitioner first argues that her smokeshop income is exempt from taxation because it was derived directly from reservation land. She bases this contention on the Supreme Court's interpretation of the General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C. sec. 331, in Squire v. Capoeman,351 U.S. 1 (1956). The General Allotment Act provided for the allotment of tracts of reservation lands to certain Indians, with title to be held in trust by the United States for 25 years. *442 [2] At the end of the trust period, the land was to be conveyed to the allottee, "in fee, discharged of said trust and free of all charge or incumbrance whatsoever." In Squire v. Capoeman,supra, wherein the taxability of income received from the sale of standing timbers was in issue, the Supreme Court construed the Act as providing a tax exemption for income derived directly from the allotted land. Based on the standard enunciated in Squire, courts have consistently held that income not derived directly from reservation land is taxable by the Federal government. See Fry v. United States,557 F.2d 646, 649 (9th Cir. 1977); Hoptowit v. Commissioner,supra;Critzer v. United States,220 Ct. Cl. 43, 597 F.2d 708 (1979). In the instant case, although it may be true, as petitioner argues, that her smokeshop would not have existed but for its lication on reservation land, it is nevertheless clear that the income from the smokeshop was not earned *443 principally "as a result of the use of reservation land and resources." See Hoptowit v. Commissioner,supra at 145. Thus, we conclude that the Supreme Court's interpretation of the General Allotment Act in Squire does not support petitioner's claim for exemption herein. Petitioner's only other argument in support of her exemption claim centers on the language of a March 8, 1906, Act (the 1906 Act) providing for the issuance of patents for lands allotted to Indians of the Columbia and Colville reservations. [3] See 34 Stat. 55 (1906). In addition to providing for the issuance of land patents, the 1906 Act set forth conditions under which certain portions of the allotted lands could be sold and conveyed. It provided further that "[a]ll allotted land alienated under the provisions of this Act shall thereupon be subject to taxation under the laws of the State of Washington." Based on this provision that the allotted lands would become subject to taxation under the laws of the State of Washington, petitioner contends that the 1906 Act implicitly *444 confers an exemption from Federal taxation for such lands. We, however, reject this contention. Even assuming the 1906 Act governs petitioner's reservation lands, there are major defects in petitioner's interpretation of it. First, the 1906 Act says nothing about the taxability of activities which are conducted on allotted lands. Thus, even if a tax exemption can be construed form the 1906 Act, consistent with the Squire v. Capoeman line of cases we would be unwilling to stretch that exemption to include income which is not "directly-derived-from-the-land," such as petitioner's smokeshop income. Moreover, we do not think that a Federal tax exemption can be inferred from the 1906 Act since the relevant provision is concerned only with State taxes. This is especially so in light of the fact that the Federal income tax did not even exist when the 1906 Act was promulgated. See Posin, Federal Income Taxation, sec. 1.01, p. 1 (1983). We would obviously have to go far beyond any reasonable rules of statutory construction to hold that the 1906 Act was intended to provide an exemption from a tax which did not yet exist. Accordingly, for the above reasons we reject petitioner's *445 claim that her smokeshop income is exempt from Federal income taxation. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The trust periods have since been extended indefinitely. See Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. sec. 462↩.
3. According to petitioner, "Indians of the Columbia and Colville reservations" includes the Spokane Indians.↩