ROBERT SATIACUM and SUSIE SATIACUM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT SATIACUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Satiacum v. Commissioner
Docket Nos. 469-77, 16540-80.
United States Tax Court
T.C. Memo 1986-356; 1986 Tax Ct. Memo LEXIS 254; 52 T.C.M. (CCH) 95; T.C.M. (RIA) 86356; August 6, 1986. Ramon M. Escure and John J. O'Connell, for the petitioners. Thomas N. Tomashek, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: In these consolidated cases respondent determined the following Federal income tax deficiencies and additions to tax: DOCKET NO. 469-77
ROBERT SATIACUM
Additions to Tax
Year
Deficiency
Section 6651(a) [1]
Section 6653(a)
1971
$145,515
$36,379
$ 7,276
1972
439,583
109,896
21,979
1973
516,250
129,063
25,813
1974
761,054
190,264
38,053
SUSIE SATIACUM
1971
$ 64,711
$16,178
$ 3,236
1972
211,587
52,897
10,579
1973
249,825
62,456
12,491
1974
372,139
93,035
18,607
DOCKET NO. 16540-80
ROBERT SATIACUM
1975
$393,411
$98,353
$19,671
1976
361,453
90,363
18,073
*255 In a supplemental stipulation of facts filed July 12, 1985, the parties agreed that petitioners are not liable for the additions to tax under sections 6651(a) and 6653(a). After concessions, the only issue for decision is whether income earned from the retail sale of cigarettes and other tobacco products and from a commercial fishing operation conducted by an enrolled member of the Puyallup Indian Tribe is subject to Federal income taxation. These cases were submitted under Rule 122. [2] The stipulation of facts is incorporated herein by this reference. The pertinent facts are summarized below. Robert Satiacum and Susie Satiacum (petitioners) resided in Tacoma, Washington at the time their petitions were filed in these cases. Robert Satiacum (petitioner) is an enrolled member of the Puyallup Indian Tribe. During the years 1971 through 1976, petitioner operated a retail tobacco store (smokeshop) selling cigarettes and other miscellaneous products. *256 The net profits from the cigarette and tobacco sales were as follows: Year
Net Profit
1971
$35,000
1972
95,000
1973
110,000
1974
150,000
1975
300,000
1976
330,000
The land upon which the smokeshop was situated was acquired by petitioner's father and has been held in trust by the United States. Petitioner is a "noncompetent Indian" in that he cannot alienate or encumber the land without the consent of the Secretary of the Interior. See Stevens v. Commissioner,452 F.2d 741, 742 n. 1 (9th Cir. 1971), affg. in part and revg. in part 52 T.C. 330 (1969), supplemental opinion 54 T.C. 351 (1970). In addition, petitioner had a net profit from the sale of fish in 1974. The fishing income was derived from the operation of a commercial fishing business at various locations on Puget Sound. For the years 1971 through 1976, petitioners did not file Federal income tax returns. In the notices of deficiency, respondent determined that the net earnings from the smokeshop and the commercial fishing operation are includable in petitioners' gross income. They do not contest the correctness of the amounts of income determined *257 by respondent in the notices of deficiency for the years 1971 through 1976. They argue, however, that such income is exempt from Federal income taxation. Section 61 provides that income "from whatever source derived" is subject to Federal income taxation. It is now well settled that the income of American Indians falls within the ambit of section 61. An exception to this general rule is made if a taxpayer can identify express exemptive language in a statute or treaty providing that these amounts are not required to be included in gross income. Dillon v. United States,792 F.2d 849 (9th Cir. 1986), affg.    F. Supp.   , ( W.D. Wash. 1985, 85-1 USTC par. 9150, 55 AFTR2d 85-705), affg. Cross v. Commissioner,83 T.C. 561 (1984) (Court reviewed), affg. Hargrove v. Commissioner,T.C. Memo. 1985-113, affg. Gord v. Commissioner,T.C. Memo. 1984-517; United States v. Anderson,625 F.2d 910, 913 (9th Cir. 1980); Commissioner v. Walker,326 F.2d 261, 263 (9th Cir. 1964), affg. in part and revg. in part 37 T.C. 962 (1962); Karmun v. Commissioner,82 T.C. 201, 204 (1984); *258 Hoptowit v. Commissioner,78 T.C. 137 (1982), affd. 709 F.2d 564 (9th Cir. 1983); Jourdain v. Commissioner,71 T.C. 980 (1979), affd. 617 F.2d 507 (8th Cir. 1980). Petitioner's status as an Indian is not alone sufficient to insulate him from liability for the payment of Federal income tax. Superintendent Five C. Tribes v. Commissioner,295 U.S. 418 (1935); Choteau v. Burnet,283 U.S. 691 (1931). Petitioners have been unable to identify an express exemptive provision in any Treaty or Act of Congress. Thus, we sustain respondent's determination that the income from the smokeshop and the commercial fishing business is taxable under section 61. Petitioners contend that the Medicine Creek Treaty of 1854, 10 Stat. 1132, is the definitive document regulating relations between the United States and the Puyallup Indian Tribe. In a recent Court reviewed opinion, we considered this treaty in its historical context and we concluded that no express or implied provision exists to exempt petitioners' smokeshop and fishing income from taxation. Cross v. Commissioner,83 T.C. 561 (1984), *259 affd. Dillon v. United States,supra.See also Saunooke v. United States,8 Cl. Ct. 327 (1985), on appeal (Fed. Cir., April 2, 1986). Petitioners further argue that their smokeshop income is exempt from taxation under the General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C. sec. 331 et seq. (1982) (the Act). [3] Even if we assume that petitioners' trust land comes under the jurisdiction of that Act, no exemption from taxation would exist on these facts. The Supreme Court held that the Act exempts from taxation income from land held in trust if such income is "directly derived" from the land. Squire v. Capoeman,351 U.S. 1 (1956). The numerous courts that have held income exempt under the Act have done so only in factual situations where the land itself was being exploited.[4] The Ninth Circuit, in affirming an opinion of this Court, recently held that income from a smokeshop located on trust property is not directly derived from the land and is therefore fully subject to Federal taxation. Dillon v. United States,supra.[5] For the reasons expressed in that opinion, we reach the same *260 conclusion in the instant cases. [6]
*261 Petitioners argue that the income produced by their commercial fishing business should also be tax exempt. This issue was decided adversely to petitioners by this Court in Earl v. Commissioner,78 T.C. 1014 (1982). In Earl, the taxpayer, a puyallup Indian, worked as a crew member on a commercial fishing vessel. He argued that the income he received in his capacity as a crew member was exempt from Federal taxation under Article Three of the Medicine Creek Treaty of 1854, 10 Stat. 1132. Article Three states that the right to fish in the usual and accustomed areas is secured to the Puyallup Indians in common with all other citizens of that region. That provision has been interpreted to mean that Indians would be entitled to share the fish caught equally with other residents. United States v. State of Washington,384 F. Supp. 312 (W.D. Wash. 1974), affd. 520 F.2d 676 (9th Cir. 1975). Article Three, however, does not contain any language dealing with the Federal taxation of fishing income and no such exemption can arise by implication. Mescalero Apache Tribe v. Jones,411 U.S. 145, 156 (1973); Fry v. United States,557 F.2d 646, 649 (9th Cir. 1977); *262 Jourdain v. Commissioner,71 T.C. 980, 990 (1979), affd. 617 F.2d 507 (8th Cir. 1980). As previously indicated, the Supreme Court held that income directly derived from land allotted to an Indian under the General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C. sec. 331 et seq. (1982), is exempt from Federal income taxation. Squire v. Capoeman,supra. But the reasoning in Squire has no application to the facts of the instant cases because petitioner "has no individual fishing rights analogous to an allotment under the General Allotment Act of 1887." Earl v. Commissioner,supra at 1019 (citations omitted).[7] According to this Court's interpretation of the Medicine Creek Treaty of 1854, 10 Stat. 1132: [Taxpayer's] fishing rights under the treaty as a member of the Puyallup Tribe are more comparable to his rights as a member of the tribe in unallotted land on the reservation than to individual rights in allotted land. Similarly, [taxpayer's] income from the exercise of the tribe's communal fishing rights would be more analogous to income obtained from unallotted tribal land and not *263 to income derived from allotted land, which was involved in Squire v. Capoeman * * * [78 T.C. at 1019.] We conclude that, regardless of whether petitioners were exercising their tribal rights while engaging in their commercial fishing operation, their income is taxable. To reflect concessions and our conclusions with respect to the disputed matters, Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C. sec. 331 et seq. (1982), provides that the United States is to hold, in trust, title to lands allotted to Indians under various treaties until such time as the Secretary of the Interior determines that the allottees are competent to hold fee simple title to their allotted lands. This trusteeship has been periodically extended by various Executive Orders and was finally extended indefinitely by the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. sec. 462 (1982)↩.
4. Squire v. Capoeman,351 U.S. 1 (1956) (Timber sales proceeds exempt from capital gains tax); Stevens v. Commissioner,452 F.2d 741 (9th Cir. 1971), affg. in part and revg. in part 52 T.C. 330 (1969), supplemental opinion 54 T.C. 351 (1970) (Income from farming and ranching is tax exempt); United States v. Daney,370 F.2d 791 (10th Cir. 1966) (Income from oil and gas leases is tax exempt); Hayes Big Eagle v. United States,156 Ct. Cl. 665, 300 F.2d 765↩ (1962) (Royalties from mineral deposits are tax exempt).
5. See Critzer v. United States,220 Ct. Cl. 43, 597 F.2d 708 (1979); Wilbur v. Commissioner,T.C. Memo. 1984-576; Landry v. Commissioner,T.C. Memo. 1984-575; Estate of Davis v. Commissioner,T.C. Memo. 1984-574; Swiger v. Commissioner,T.C. Memo. 1984-228; Comenout v. Commissioner,T.C. Memo. 1982-40; Hale v. United States,579 F. Supp. 646↩ (E.D. Wash. 1984). 6. Petitioners argue alternatively that the portion of the smokeshop income allocable to the fair rental value of the unimproved land upon which the smokeshop is located should be exempt as income directly derived from the land. This argument has been thoroughly considered and rejected by the Ninth Circuit on similar facts. Dillon v. United States,792 F.2d 849, 86-2 USTC 9492 (9th Cir. 1986), affg.    F. Supp.   , ( W.D. Wash. 1985, 85-1 USTC par. 9150, 55 AFTR2d 85-705), affg. Cross v. Commissioner,83 T.C. 561 (1984) (Court reviewed), affg. Hargrove v. Commissioner,T.C. Memo. 1985-113, affg. Gord v. Commissioner,T.C. Memo. 1984-517; see also Hale v. United States,supra.↩
7. See United States v. Anderson,625 F.2d 910 (9th Cir. 1980) (Income derived by noncompetent Indian from cattle ranching under tribal licenses covering land held in trust by the United States for other noncompetent Indians was taxable); Fry v. United States,557 F.2d 646↩ (9th Cir. 1977) (Noncompetent Indian engaged in logging on tribal lands as a subcontractor to a non-Indian company was taxable on the income realized).