MARVIN JAMES MANYPENNY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manypenny v. Commissioner
Docket No. 7159-91
United States Tax Court
T.C. Memo 1992-260; 1992 Tax Ct. Memo LEXIS 281; 63 T.C.M. (CCH) 2929; May 6, 1992, Filed *281 Decision will be entered under Rule 155. Mary J. Streitz and C. Ann Olson, for petitioner. Michele M. Bachmann, for respondent. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) (3) and Rules 180, 181, and 182. Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax Under Sections Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1985
$  989
$ 247
$ 49 [1]  1986
$ 1,832
$ 453
---
---
1987
$ 3,178
$ 795
---
---
Additions to Tax Under Sections
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1985
---
---
$  57
1986
$  92
[2]  $  87
1987
$ 159
[3]  $ 172
*282 After concessions, [1] the only issues the Court must decide for 1985, 1986, and 1987 are: (1) Whether self-employment income and W-2 wages received by petitioner are exempt from Federal income taxation; (2) whether petitioner is liable for the addition to tax under section 6651(a)(1); (3) whether petitioner is liable for the additions to tax under section 6653(a); and (4) whether petitioner is liable for the addition to tax under section 6654(a). For convenience, we have combined the findings of fact and opinion. Some of the facts have been stipulated and are so *283 found. Petitioner resided on the White Earth Indian Reservation, Nay-Tah-Waush, Minnesota, at the time he filed his petition in this case. Petitioner was born on the White Earth Reservation where he and his family reside in a rental dwelling. Petitioner, an Anishinabe, is a descendant of the Mississippi band of Chippewa Indians. Petitioner has an Associate of Arts degree from the University of Minnesota. He has a certificate of chemical dependency counseling and a Bachelor of Science degree in education from the University of Minnesota. During 1983-84, petitioner enrolled for one year of graduate school at the United Theological Seminary, an Episcopalian seminary in Minnesota. Petitioner last filed Federal income tax returns in 1981 or 1982. During 1985, 1986, and 1987, petitioner received self-employment income in the amount of $ 5,895, $ 8,900 and $ 12,800, respectively, from an organization entitled Youth Project, Inc. Youth Project, Inc., is a public foundation with a 17-year history of building citizen participation organizations around the country committed to social justice and peace. Petitioner also received Form W-2 wage income in the amount of $ 254 and $ 2,801 *284 from the State of Minnesota during 1986 and 1987, respectively. The moneys paid to petitioner by Youth Project, Inc. and the State of Minnesota were not derived from fishing, mining, timber, or agricultural activities on the White Earth Reservation. Petitioner failed to file individual income tax returns, or to pay estimated taxes for 1985, 1986, and 1987. Sections 1 and 61(a) subject the taxable income of "every individual" to tax, and include income "from whatever source derived", that is not specifically excluded elsewhere. Furthermore, the Supreme Court has held that "Indians are citizens and that in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens. * * * to be valid, exemptions to tax laws should be clearly expressed". Squire v. Capoeman, 351 U.S. 1, 6 (1956). The Eighth Circuit, the Court of Appeals to which an appeal in this case would lie, has quoted Squire v. Capoeman, supra, in ruling to the same effect. LaFontaine v. Commissioner, 533 F.2d 382 (8th Cir. 1976), affg. per curiam T.C. Memo. 1975-165; *285 Holt v. Commissioner, 364 F.2d 38, 40-41 (8th Cir. 1966), affg. 44 T.C. 686 (1965). Petitioner contends that he is exempt from Federal income taxation based on the April 8, 1867, Treaty between the United States of America and the Chippewa Indians of the Mississippi, 16 Stat. 719. Specifically, Article VII of that treaty provides in relevant part: And the land so held by any Indian shall be exempt from taxation and sale for debt, and shall not be alienated except with the approval of the Secretary of the Interior, and in no case to any person not a member of the Chippewa tribe. [Emphasis added.]
Where an Act of Congress is clear upon its face, and standing alone is fairly susceptible of but one construction, this Court is bound to give it such a construction. Hamilton v. Rathbone, 175 U.S. 414, 419 (1899). The treaty before us, having been ratified by the Senate on April 8, 1867, is clear in that it exempts from taxation "the land" held by Indian persons of the Chippewa tribe. The treaty signed by members of the Chippewa tribe makes a distinction between Indians and land held by them. We give no credence *286 to petitioner's contention that he and the land are one. Petitioner failed to introduce any evidence which would indicate that he was a land owner within the meaning of this treaty. Moreover, the notice of deficiency in this case is based on petitioner's failure to pay Federal income tax on earnings he received as a result of his labor. Accordingly, petitioner has failed to show that this treaty or any other treaty in any way exempts his wages or self-employment income from Federal income taxation. Rule 142(a); LaFontaine v. Commissioner, T.C. Memo. 1975-165, affd. per curiam 533 F.2d 382 (8th Cir. 1976). We have considered petitioner's contentions under the Fifth Amendment to the United States Constitution, and various other contentions, and find them to be without merit. On this record, we conclude that petitioner's wages and self-employment income are not exempt from Federal income taxation. Respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) must be sustained unless petitioner's failure to file tax returns for the years in issue was due to reasonable cause and not willful neglect. Because *287 petitioner's gross income exceeds his exemption, plus the zero bracket amount for 1985, and plus the standard deduction for 1986 and 1987, he is required to file Federal income tax returns for all 3 years in issue. Sec. 6012(a). Further, every individual having net earnings from self-employment of $ 400 or more must file a return. Sec. 6017. Petitioner's gross earnings from self-employment were $ 5,895, $ 8,900, and $ 12,800 for 1985, 1986, and 1987, respectively. The rule is well established that the failure of a party to introduce evidence within his possession which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). On this record, we find no difference between petitioner's gross and net earnings from self-employment. Furthermore, petitioner presented no credible evidence that would have indicated that his failure to file tax returns for all years in issue was due to reasonable cause and not willful neglect. Sec. 6651(a)(1); Rule 142(a). We therefore hold petitioner liable *288 for the addition to tax under section 6651(a)(1) for 1985, 1986, and 1987. For the respective year or years, section 6653(a)(1) and section 6653(a)(1)(A) provide for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. For the respective year or years, section 6653(a)(2) and section 6653(a)(1)(B) provide for a further addition to tax in the amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Petitioner has the burden of proving that any underpayment of tax was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Green v. commissioner, T.C. Memo. 1992-49. Under section 6653(a), negligence is the lack of due care of failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We have considered petitioner's arguments with respect to the additions to tax under section 6653(a), and find them to be without merit. We hold that petitioner *289 is liable for the additions to tax under section 6653(a) for 1985, 1986, and 1987. We next decide whether petitioner is liable for the addition to tax under section 6654(a) for underpayment of estimated taxes for 1985, 1986, and 1987. Petitioner has the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 6654(c) imposes a requirement that estimated taxes be paid in installments. If a taxpayer fails to pay a sufficient amount of estimated taxes, section 6654(a) provides for the addition to tax in the absence of certain exceptions contained in section 6654(e). Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner conceded that he failed to pay estimated taxes for the years in issue. Respondent's determination on this issue is sustained. Due to respondent's concessions, it appears that, for 1985 and 1986, the additions to tax would be based on the self-employment tax due for each of those years. Decision will be entered under Rule 155. Footnotes
1. 50% of the interest due on the underpayment due to negligence of $ 989. ↩
2. 50% of the interest due on the underpayment due to negligence of $ 1,813. ↩
3. 50% of the interest due on the underpayment due to negligence of $ 3,178.↩
1. Respondent conceded on brief that petitioner is entitled to five personal exemptions, in addition to his own, for tax years 1985, 1986, and 1987. During petitioner's opening argument, counsel suggested that the earned income credit may be applicable in this case. Because no evidence was received at trial indicating that the requirements of section 32 had been satisfied, and because this issue was abandoned on brief, we will not consider it further.↩