62 F.3d 1421
 76 A.F.T.R.2d 95-6044
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
RED LAKE BAND OF CHIPPEWA INDIANS, on its behalf and on
behalf of its members; Gerald F. Brun; Luella R.
Brun, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 94-3591
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 12, 1995
Filed: Aug. 10, 1995
 
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gerald and Luella Brun ("taxpayers") appeal from a final judgment entered in the United States District Court[1] for the District of Minnesota holding that taxpayers' income from timber harvested on reservation lands of the Red Lake Band of Chippewa Indians ("the Band") was not exempted from federal taxation by treaty. For reversal, taxpayers argue that the district court erred in granting summary judgment in favor of the government because they had created a genuine issue of material fact as to the way in which Indian signatories would have understood certain treaty language. We affirm.
 
 
 2
 Taxpayers are enrolled members of the Band, a federally recognized Indian tribe. The reservation of the Band is located within the geographic boundaries of the state of Minnesota. During tax years 1983, 1984, and 1985, taxpayers derived income from the sale of timber cut, pursuant to tribal permits, from land located on the reservation and held in trust for the Band by the United States. None of the land from which timber was harvested was allotted to taxpayers under a trust patent pursuant to the General Allotment Act of 1887.
 
 
 3
 The Internal Revenue Service (IRS) assessed taxes plus interest for 1983 in the amount of $22,944.06, for 1984 in the amount of $9,024.45, and for 1985 in the amount of $6,204.76. Taxpayers paid each assessment in full and filed claims for refund for each year. The IRS denied the claims for refund for 1983 and 1984, but neither allowed nor denied their claim for 1985.
 
 
 4
 In April 1992, taxpayers filed a complaint in the District Court for the District of Columbia requesting a refund of taxes paid and interest in the amount of $36,577.25 for years 1983, 1984, and 1985. In the alternative, taxpayers sought an order that they owed no deficiency for 1985 and a reduction in penalties allegedly assessed against them for 1983 and 1984. The Band joined the action as a party plaintiff, acting both on its own behalf and as parens patriae for tribal members. The Band sought declaratory and injunctive relief. The Band and the taxpayers argued the income of its members derived from harvesting timber from tribal land was not subject to federal income tax. Specifically, taxpayers argued that the imposition of federal income tax on income derived from the harvest of timber from tribal land violated the Band's rights under the Treaty of Greenville, 7 Stat. 49 (1795), the Treaty of Old Crossing, 13 Stat. 667 (1863), and the Supplement to the Treaty of Old Crossing, 13 Stat. 689 (1864).[2]
 
 
 5
 In September 1992, the District Court for the District of Columbia dismissed the complaint on the ground that the District of Columbia was not the proper venue for taxpayers' refund claim and that it lacked jurisdiction over the Band's claims. The district court later vacated its judgment with respect to taxpayers' refund claim and transferred the refund claim to the District of Minnesota pursuant to 28 U.S.C. Sec. 1406(a).
 
 
 6
 The government filed a motion for summary judgment on the ground that all income earned by Indians, like other citizens, is subject to federal income tax unless exempted by a treaty or specific statute. The government contended that the Treaties of Greenville and Old Crossing did not contain any exemptive language that might be reasonably construed to confer an exemption upon the taxpayers. The taxpayers, on the other hand, argued that a genuine issue of material fact existed as to the intent and understanding of Indian signatories to the treaties.
 
 
 7
 In August 1994, the district court granted summary judgment in favor of the government. Red Lake Band of Chippewa Indians v. United States, Civ. No. 4-92-1147 (D.Minn. Aug. 29, 1994) (Memorandum Opinion and Order). The district court held that the Treaty of Greenville did not contain any language that could reasonably be construed to confer a tax exemption and that the express exemption provided in the General Allotment Act did not apply to income derived from unallotted tribal land. In so holding, the district court cited to this court's decision in Jourdain v. Commissioner, 617 F.2d 507, 509 (8th Cir.), cert. denied, 449 U.S. 839 (1980), in which we expressly agreed with the tax court's conclusion that "the 'molestation' prohibited by the Treaty of Greenville was interference with the rights of Indians to hunt and otherwise enjoy their land, not the 'right' to be free from federal taxation." We also agreed with the tax court that "Indians are subject to federal income tax unless specifically exempted by treaty or statute." Id. (citation omitted); see also Holt v. Commissioner, 364 F.2d 38, 40 (8th Cir.1966) (indicating that the principle of liberal treaty construction in favor of Indians comes into play only if the treaty can "reasonably be construed to confer income exemptions"), cert. denied, 386 U.S. 931 (1967). Finding no treaty language which conferred an income tax exemption for income derived from unallotted land, the district court accordingly concluded that taxpayers were subject to federal income tax and dismissed the refund claim.
 
 
 8
 After a careful review of the record, we find that no error of law appears in the district court's disposition of the present case, and we therefore affirm for the reasons set forth in the district court's memorandum opinion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Diana E. Murphy, then United States District Judge for the District of Minnesota, now Circuit Judge, United States Court of Appeals for the Eighth Circuit
 
 
 [2]
 Taxpayers specifically relied on Article V of the Treaty of Greenville which provides in pertinent part as follows:
 To prevent any misunderstanding about the Indian lands relinquished by the United States in the fourth article, it is now explicitly declared, that the meaning of that relinquishment is this: The Indian tribes who have a right to those lands, are quietly to enjoy them, hunting, planting, and dwelling thereon so long as they please, without any molestation from the United States.... [Until the tribes' lands are sold to the United States,] the United States will protect all the said Indian tribes in the quiet enjoyment of their lands against all citizens of the United States....