T.C. Memo. 2005-118

UNITED STATES TAX COURT

GLORY ALLEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20457-03.              Filed May 23, 2005.

Glory Allen, pro se.

Mark J. Miller, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Respondent determined a deficiency in petitioner's 2001 Federal income tax, including tax on self-employment income, and a penalty as follows:

| Deficiency | Penalty Under Sec. 6662(a) |
|------------|----------------------------|
| $11,054    | $2,720                     |

The issues for decision are: (1) Whether $57,845 petitioner received in 2001 from an American Indian tribe constitutes taxable income to petitioner; (2) whether $33,295 of the $57,845 petitioner received constitutes self-employment income on which petitioner is liable for Federal self-employment tax; and (3) whether petitioner is liable for the section 6662(a) accuracy-related penalty for substantial understatement of income and self-employment tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Under Rule 91(f)(3), some of the facts have been deemed stipulated and are so found.[1]

At the time the petition was filed, petitioner was a resident of Lac du Flambeau, Wisconsin.

---

[1] On Aug. 31, 2004, respondent filed a Rule 91(f) motion with regard to proposed stipulated facts. On Sept. 3, 2004, the Court issued an order granting respondent's Rule 91(f) motion and directing petitioner to file a response to the motion by Oct. 4, 2004. Petitioner failed to respond to respondent's Rule 91(f) motion, and on Oct. 13, 2004, the Court made absolute its Sept. 3, 2004, order, and the facts set forth in the proposed stipulation of facts were deemed stipulated, and the exhibits were admitted for purposes of trial and opinion herein.

Petitioner is an enrolled member of a Chippewa Indian tribe located in Wisconsin, called the Lac du Flambeau Band of Lake Superior Chippewa Indians, a federally recognized American Indian tribe. The leadership of the tribe consists of an elected tribal council.

During 2001, petitioner worked for the tribe in two capacities. First, petitioner worked as an elected member of the tribal council, which council enacts ordinances relating to activities of the tribe. Second, petitioner worked as a secretary or executive assistant to the tribal president, in which capacity petitioner handled correspondence relating to the tribe.

During 2001, petitioner received $24,550 for her work as a member of the tribal council and $33,295 for her work as secretary or executive assistant to the tribal president.

On her filed Federal income tax returns for years prior to 2001, petitioner apparently reported amounts she received from the tribe as income.

During 2001, the tribe did not withhold any income or employment taxes from the $24,550 and the $33,295 the tribe paid petitioner.

On two separate Forms 1099-Misc, Miscellaneous Income, for 2001, issued by the tribe to petitioner and reported to respondent, the $24,550 relating to petitioner's work as a member

of the tribal council was reflected as "other income", and the $33,295 relating to petitioner's work as secretary or executive assistant to the tribal president was reflected as "nonemployee compensation".

Petitioner electronically and timely filed with respondent her 2001 individual Federal income tax return, on which petitioner reflected zero tax liability. Thereon, petitioner did not include as income the $57,845 she received from the tribe.

On October 14, 2003, respondent mailed to petitioner a notice of deficiency with regard to petitioner's 2001 tax liability in which respondent determined that the entire $57,845 petitioner received in 2001 from the tribe constituted taxable income, that the $33,295 petitioner received from the tribe for her work as secretary or executive assistant constituted self-employment income on which petitioner was liable for self-employment tax, and that petitioner was liable for the section 6662(a) accuracy-related penalty with respect to the income and self-employment tax underpayments relating to the $57,845 not reported as income and the $33,295 not reported as self-employment income.

## OPINION

Section 61(a) defines gross income as "all income from whatever source derived," including compensation for services.

The Supreme Court in Squire v. Capoeman, 351 U.S. 1, 6 (1956), has stated that "to be valid, exemptions to tax laws should be clearly expressed."

On the theory that the tribe qualifies as a sovereign government and that petitioner has the status of a "public official" of such government, petitioner argues that the entire $57,845 she received from the tribe in 2001 should not be subject to Federal income tax. According to petitioner, her performance for the tribe of "essential government functions" precludes the taxability of the income she received from the tribe.

Because no explicit statutory exemption exists with regard thereto, respondent contends that the entire $57,845 petitioner received from the tribe constituted taxable income to petitioner. Respondent relies on Squire v. Capoeman, supra at 6, in which the Supreme Court stated that American Indians are citizens, and "in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens." In that case, the taxpayers were American Indians and the beneficial owners of lands allotted to them and held in trust by the Federal Government under the General Allotment Act of 1887, ch. 119, 24 Stat. 388, currently codified at 25 U.S.C. sec. 331 (2000), and because of an explicit exemption in the General Allotment Act of 1887, the Supreme Court

held that the taxpayers were not taxable on income received as the result of the sale of timber located on the trust lands.

In Cross v. Commissioner, 83 T.C. 561 (1984), affd. sub nom. Dillon v. United States, 792 F.2d 849 (9th Cir. 1986), because no explicit exemption existed under the General Allotment Act of 1887 for income from operating a retail store, income from a smoke shop located on an Indian reservation was held to constitute taxable income, and the wages paid to the employee of the smoke shop were held to constitute taxable income to the employee.

In Jourdain v. Commissioner, 71 T.C. 980 (1979), affd. 617 F.2d 507 (8th Cir. 1980), salary paid to a tribal official was held to be taxable because no explicit statutory exemption with regard thereto existed.

Petitioner has not cited any treaty or any legislation, and we have found none, that sets forth an explicit exemption from Federal income taxes for the type of income petitioner received for her work as a member of the tribal council or for her work as secretary or executive assistant to the tribal president.

We conclude that the entire $57,845 petitioner received in 2001 from the tribe constitutes taxable income to petitioner and is subject to Federal income tax.

Apparently under the authority of Rev. Rul. 59-354, 1959-2 C.B. 24, and Priv. Ltr. Rul. 94-10-006 (Nov. 23, 1993),

respondent treated the $24,550 in compensation that petitioner received for her work as an elected official of the tribal council as exempt from employment taxes for both wage withholding and self-employment tax purposes.  Respondent, however, concluded that petitioner's work as secretary or executive assistant to the tribal president did not qualify as work by an elected official of the tribe, that petitioner in that capacity was acting as an independent contractor, and that petitioner was subject to self-employment tax on the $33,295 she received with regard thereto.

Under section 1401, individuals are liable for tax on self-employment income.  Self-employment income is defined as "gross income derived by an individual from any trade or business carried on by such individual".  Sec. 1402(a).  In general, an individual's performance of services as an employee does not give rise to self-employment income.  Sec. 1402(c)(2); Robinson v. Commissioner, 117 T.C. 308, 320 (2001).

The presumption of correctness under Rule 142(a) generally applies to respondent's classification of a taxpayer's employment status for Federal tax purposes, and the burden is on the taxpayer to prove otherwise.  Boles Trucking, Inc. v. United States, 77 F.3d 236, 240 (8th Cir. 1996); Feivor v. Commissioner, T.C. Memo. 1995-107.[2]

---

[2]  Because petitioner submitted no credible evidence with regard to her employment status, the burden of proof on this fact
(continued...)

The tribe treated petitioner as an independent contractor with regard to the $33,295 petitioner received for her work as secretary or executive assistant to the tribal president, did not withhold any employment taxes thereon, and issued to petitioner a Form 1099-Misc with regard thereto. Beyond those facts, petitioner does not provide us with any evidence as to the details of her work as secretary or executive assistant to the tribal president that would bear upon her status as an employee or independent contractor with regard thereto. See secs. 31.3121(d)-1(c)(2), 31.3306(i)-1(b), Employment Tax Regs.

Petitioner has failed to demonstrate that she was an employee and not an independent contractor with regard to her work as secretary or executive assistant to the tribal president.

The $33,295 that petitioner received in 2001 for her work as secretary or executive assistant to the tribal president is to be treated as self-employment income subject to Federal self-employment tax under section 1401. See also Doxtator v. Commissioner, T.C. Memo. 2005-113, for an explanation as to why the "public office" exception of section 1402(c)(1) apparently would not qualify petitioner for exemption from self-employment tax with regard to her work as secretary or executive assistant to the tribal president.

---

[2](...continued)
issue does not shift to respondent under sec. 7491.

Under section 6662, among other things, a 20-percent accuracy-related penalty is to be added to the portion of an underpayment of tax attributable to a substantial understatement of income tax.

A substantial understatement of income tax and of self-employment tax is defined as an understatement constituting the greater of 10 percent of the tax required to be shown on a Federal income tax return or $5,000. Sec. 6662(d)(1)(A). An understatement may be reduced by that portion of the understatement which is attributable to: (1) Substantial authority for the claimed tax treatment of the item; (2) adequate disclosure combined with a reasonable basis for the claimed tax treatment of the item; or (3) reasonable cause and good faith with regard to the unpaid tax. Secs. 6662(d)(2)(B), 6664(c)(1).

Under section 7491(c), respondent has the burden of production with respect to a section 6662 accuracy-related penalty. Once respondent meets that burden of production, however, the taxpayer continues to have the burden of proof with regard to whether respondent's determination of the penalty is correct. Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

By establishing the taxability of the $57,845 petitioner received from the tribe in 2001 and as to the self-employment tax due on the $33,295 that petitioner received for her work as

secretary or executive assistant to the tribal president, respondent has met his section 7491(c) burden of production with respect to the accuracy-related penalty at issue herein.

Petitioner has not cited any legal authority that would constitute substantial authority for her understatement of income including self-employment income; petitioner did not disclose on her 2001 individual Federal income tax return the $57,845 she in 2001 received from the tribe; and petitioner has not established reasonable cause for her failure to pay income taxes on the $57,845 she received from the tribe and self-employment taxes on the $33,295 she received for her work as secretary or executive assistant to the tribal president.

Petitioner is liable for the section 6662(a) accuracy-related penalty.

<u>Decision will be entered</u>

<u>for respondent</u>.